## COLBY UNIVERSITY et al. v. VILLAGE OF CANANDAIGUA et al.

(Circuit Court, N. D. New York. August 26, 1895.)

EMINENT DOMAIN—LAWS N. Y. 1875, CH. 181.

The New York statute (Laws 1875, c. 181) permitting villages to construct systems of waterworks provides (section 22) that whenever "any corporation shall have been organized \* \* \* for the purpose of supplying the inhabitants of any village with water and it shall become or be deemed necessary \* \* \* that the rights \* \* \* and properties of such corporation shall be required for any of the purposes of this act, the commissioners \* \* \* shall \* \* \* make \* \* \* a thorough examination of the \* \* \* properties owned or held by such corporations, \* \* \* and if such commissioners shall determine that said \* \* \* properties are necessary \* \* \* they shall have the right" to acquire the same by condemnation. *Held*, that such statute does not make it mandatory upon the water commissioners of a village to acquire, either by purchase or condemnation, the rights or property of a private corporation organized to supply the village with water, and which has constructed a system of pipes, and acquired from the village authorities a franchise to lay and maintain the same, without any exclusive right.

John Gillette (Howard Mansfield and J. H. Metcalf, of counsel), for complainants.

James C. Smith and Thomas H. Bennett, for defendants.

WALLACE, Circuit Judge. The complainants, owners of mortgage bonds issued by the Canandaigua Waterworks Company, have brought this suit to restrain the village of Canandaigua and its board of water commissioners from building, maintaining, or operating a system of waterworks for the purpose of supplying the village and its inhabitants with water, and they now move for an injunction restraining the defendants from doing so pending a final determination of the cause. The theory of the suit is that the defendants are proceeding, in violation of the rights of the complain-

ants, to construct such waterworks, with a view to operating them, and if this is permitted the value of the property mortgaged to the bondholders will be practically destroyed, and the complainants will thereby sustain irreparable injury, for which an action at law will afford no adequate remedy. The case for the complainants rests upon the fundamental proposition that the village authorities are under legal obligation to acquire the company's system before they can rightfully proceed to install one of their own. Inasmuch as the complainants concede that if this proposition is unsound their case must fail, and it seems to me to be unsound, the present decision will be placed upon that ground, without considering the subordinate objections to the relief sought which have been raised by the defendants.

The Canandaigua Waterworks Company was incorporated in 1883, pursuant to the provisions of chapter 737 of the Laws of 1873 of this state, and the acts amendatory thereof; and in September, 1884, having duly acquired a franchise from the authorities of the village, giving it permission to place its pipes in the streets for the purpose of furnishing a supply of water to the inhabitants, it completed its system of waterworks in accordance with the conditions of the franchise. The system then consisted of about nine miles of mains, and later, at the request of the village authorities, and to promote better fire protection to the village, it has extended its system of mains. It has continued to furnish an adequate supply of water to the village and its inhabitants ever since, having expended upwards of $150,000 in the construction of its system.

Although the company's system was constructed and completed in conformity with the conditions of the franchise acquired from the municipal authorities, that franchise did not confer upon the company any exclusive privilege of supplying water to the village or its inhabitants (Syracuse Water Co. v. City of Syracuse, 116 N. Y. 167, 22 N. E. 381; In re City of Brooklyn, 143 N. Y. 596, 38 N. E. 983); but it was competent for the village, through its duly-constituted agents, to avail itself of the benefits of the provisions of chapter 181 of the Laws of 1875, and construct and operate a system of its own. The complainants' position, however, is that section 22 of that statute makes it obligatory upon a municipality which proposes to acquire a system of its own, whenever a system owned by a duly-organized water corporation already exists, to acquire the existing system, either by purchase or by condemnation. The real question is, therefore, as to the meaning of that section. The section provides that whenever "any corporation shall have been organized under the laws of this state for the purpose of supplying the inhabitants of any village with water, and it shall become or be deemed necessary by the board of water commissioners herein authorized to be created that the rights, privileges, grants and properties of such corporation shall be required for any of the purposes of this act, the commissioners herein authorized to be created shall have the power, and it shall be their duty, to make, or cause to be made, a thorough examination of the works, rights, privileges and properties owned. or held by such corporations, or

any of them, and if such commissioners shall determine that said works, rights, privileges and properties are necessary for the purposes of this act, they shall have the right to make application" to the supreme court for the purpose of acquiring the privileges and properties by condemnation.

It does not seem open to reasonable doubt that the object and intention of this section is to enable the municipality, if, in the opinion of its board of water commissioners, the acquisition of the system of the existing corporation is necessary, to acquire it by condemnation, and to invest the board with plenary discretion either to acquire the existing system or leave it intact. If the board do not deem it necessary that it be acquired, they need not make any examination. If they deem it necessary that it should be acquired, they are to make a thorough examination. After this examination has been made, they are again to exercise their judgment and determine whether the acquisition is necessary. If they determine that it is, they are permitted to resort to proceedings for judicial condemnation. The mandatory language which compels the board to make a thorough investigation if they should deem the acquisition necessary is inserted for the protection of the municipality, in order to preclude any action by the board based upon a superficial judgment. The whole matter is intrusted to their sound discretion. It is true that permissive words in statutes which invest public officers with authority to perform or abstain from acts which concern the common good or the interests of others are often construed as mandatory, but in each case the question whether the statute is to be read as mandatory, or only as permissive, is one of intent, to be deduced from the context as well as the language of the particular provision; and where, as here, it is plain that the power confided is a discretionary one, there is no room for the application of the rule of construction by which the word "may" is often read as "must."

The unfortunate situation of the complainants naturally evokes sympathy, and a desire to protect them against what seems to be a needlessly harsh exercise of the authority reposed in the board of water commissioners, but the plain meaning of the statute cannot be disregarded.

The motion is denied.