CASE 65—ACTION ON PROMISSORY NOTE—MAY 2.

# Ryan v. Caldwell.

APPEAL FROM LOGAN CIRCUIT COURT.

LIMITATIONS—SURETIES.—Where a note payable five years from date with interest payable at stated intervals contained the stipulation that should as much as two installments of interest at any time be due and unpaid, then and in that event the whole should be and become due, a cause of action accrued when two installments of interest had fallen due and limitation then began to run in favor of the surety on said note and the cause of action was barred in seven years from that time.

JAMES H. BOWDEN FOR THE APPELLANT.   (W. S. PRYOR OF COUNSEL.)

The cause of action accrued by the very terms of the contract when the maker of the note was in default in the payment of two instalments. Bank v. Peck, 8 Kansas, 660; Schooley v. Romain, 31 Md., 574; Mobray v. Lackie, 42 Md., 474; Dean v. Nelson, 10 Wall., 158 (L. ed. Book 19, p. 926); Parks' Exr. v. Cooke, 3 Bush, 168; Bishop v. Lawrence, 8 Ky. Law Rep., 645.

W. S. PRYOR ALSO FOR APPELLANT.   (S. R. CREWDSON OF COUNSEL.)

The surety stands upon the letter of his obligation and the clause inserted in the note for the benefit of the payee enures likewise to the benefit of the surety. National Bank v. Peck, 8 Kan., 662; Wheeler & Wilson Mfg. Co. v. Howard, 28 Fed. Rep., 741.

S. R. CREWDSON ALSO FOR THE APPELLANT.

The language of the precipitation clause in the note is mandatory and not permissive merely. Nebraska authorities cited by counsel for appellee are not authority here because in those cases the rights of a surety were not involved.

SELDEN Y. TRIMBLE FOR THE APPELLEE.   (BROWDER & BROWDER OF COUNSEL.)

Default in the payment of interest does not of itself cause the principal obligation under a stipulation like that in the note sued on herein to mature so as to start the statute of limitation. Richardson v. Warner, 28 Fed. Rep., 343; Lowenstein

Ryan v. Caldwell.

v. Phelan, 17 Neb., 429; Nebraska National Bank v. Nebraska City Hydraulic Gas Light & Coke Co., 4 McCrary (U. S.), 320; s. c. 14 Fed. Rep., 763; Radford v. Southern Mutual Life Ins. Co., 12 Bush, 434; 13 Am. & Eng. Ency. of Law, 725.

S. Y. TRIMBLE AND BROWDER & BROWDER IN AN ADDITIONAL BRIEF FOR THE APPELLEE.

The precipitation clause in the note was inserted for the benefit of the payee and he might waive it at his option. Richardson v. Warner, 28 Fed. Rep., 343; Nebraska City Nat. Bk. v. Nebraska City Gas, &c., Co., 4 McCrary (U. S.), 320; 14 Fed. Rep., 763; Radford v. Southern Mutual Life Ins. Co., 12 Bush, 434; 13 Am. & Eng. Ency. of Law, 725.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The general principle is well settled that a surety is bound only by the letter of his contract of suretyship. When, therefore, a promissory note is due in five years from its date, and there is a further provision that the interest is to be paid at stated times, and "should as much as two installments of interest, at any time, be due and unpaid, then, and in that event, the whole shall be and become due," the contract as to the surety on the note is to be construed as maturing, and the note treated as due whenever as many as two installments of interest shall become due and remain unpaid. This is the plain import of the language quoted and found in the note in controversy on this appeal; and, giving to it its plain meaning, the payee's cause of action against the surety accrued on the default of the payments of interest as stipulated, and seven years after the cause of action accrued the statutory bar of limitations was complete. We think this view of the contract accords with reason and is supported by the weight of authority.

Mr. Justice Brewer, when on the Supreme Bench in Kansas, so held in National Bank v. Peck, 8 Kan., 662, saying for the court, in a case where three notes secured by a mort-

gage, and due in six, twelve, and eighteen months, were, according to the mortgage, all to become due if the payor failed to pay the first note, as follows: "This clause is inserted in mortgages usually for the benefit of the mortgagee, but being a valid stipulation, the mortgagor has equal right to insist upon it, and receive whatever advantage he can from its enforcement. When the payor failed to pay, at the end of six months, the note then due, by the terms of the contract, all three became due. The statute of limitations began to run on all, and a subsequent purchaser purchased after maturity." See, also, Wheeler & Wilson Manufacturing Co. v. Howard, 28 Fed. Rep., 741; Hemp v. Garland, 4 Q. B., 519; Hunt v. Roberts, 45 N. Y., 691.

In Parks' Ex'r v. Cooke, 3 Bush, 168, this court held that a stipulation to the effect that, "should the interest be suffered to remain unpaid for thirty days after the same shall become due and payable, then the whole debt, with interest accrued, shall be due and payable as if the full time had expired," gave a right of action to the holder of the note upon the default indicated; and where the holder was the assignee of the payee of the note, and failed to exercise the right to sue, he lost his recourse on the payee, who was his assignor.

This case tends strongly to support the views we have expressed.

The Supreme Court of Nebraska has adopted a different construction of such a contract, but we regard it as a safe rule to take the writing at what it says; certainly so, when we come to measure the surety's undertaking.

As aptly said by counsel: "It is easy to conceive that a surety might require such a clause as a condition for his own protection. He might be unwilling to bind

[ 35 ]

himself for five years unconditionally, whereby he might be compelled to pay, at the end of that time, both the principal and interest, and might very prudently say: 'Insert a clause which requires the interest to be paid quarterly, and which provides that, if not so paid, the debt is to become due, so that, if not paid, I will have the right to pay it or secure myself,' " etc.

We think the plea of limitations is sufficient, and, the judgment below not being in accord with this view, the same is reversed, and cause remanded for further proceedings not inconsistent with this opinion.