CASE 74—ENFORCEMENT OF STREET ASSESSMENT—MAY 17.

# District of Clifton, Campbell County v. Schneider, Etc.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

STREET IMPROVEMENTS—ENFORCEMENT WHERE INSTALLMENTS NOT ALL DUE.—Section 694, sub-section 3, of the Civil Code, which provides that no sale shall be made of indivisible property until all the liens thereon mature is not applicable to street assessments properly imposed and payable in annual installments.

C. L. RAISON, JR., FOR APPELLANT.

1. The district of Clifton has a lien on the property fronting and abutting on streets improved by the district, under its charter, and has a right to enforce its lien for unpaid street assessments, and to sell the property, for the assessments, due and unpaid, and for the balance of the principal of the street assessment not due, but which are secured by the lien upon the property. Charter of District of Clifton, sec. 7.

2. The action should not have been dismissed absolutely, but without prejudice if dismissed at all.

3. The judgment of the court in dismissing the case absolutely would be a bar to any future action for the same street assessments. Woolley v. Lou. Banking Co., 81 Ky., 527; Thomas v. Bland, 91 Ky., 1; and the court erred in dismissing the case.

4. The case was submitted for judgment by default, no answer or

demurrer being filed by the defendants. If the petition was defective the submission should have been set aside and leave given plaintiff to amend. Civil Code, secs. 94, 134.

5. The district of Clifton has a right to collect interest on each year's street assessment tax bill, principal and interest, if not paid before or on the first day of November of each year. Charter of District of Clifton.

   Citations: Faught v. Henry, 13 Bush,. 471; Leopold v. Furber, 84 Ky., 214; Gentry v. Walker, 93 Ky., 405.

SIMMONS & BAILEY for APPELLEES.

1. Where a lien is for debts partly due and some of which are not due, and the land is indivisible, no sale can be had to enforce the lien until the last installment is due. Civil Code, sec. 694, sub-sec. 3; Faught v. Henry, 13 Bush, 474; Leopold v. Furber, 84 Ky., 214.

2. A municipal charter must be strictly construed. Henderson v. Covington, 14 Bush, 312; Trustees of Bellevue v. Hahn, 82 Ky., 1; Eason v. Trustees of Lancaster, 12 Ky. Law Rep., 798; Patton v. Stephens, 14 Bush, 324; Charter of the District of Clifton, sec. 7; Acts of 1887-8, vol. 1, p. 255.

3. A personal judgment can not be had for street assessments. Meyer v. City of Covington, 20 Ky. Law Rep., 239.

4. Double interest can not be collected on deferred installments of street assessments.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellant was created a taxing district or corporation authorized to contract for and have constructed certain street improvements, the cost thereof to be paid by the owners of property abutting thereon, to be paid, however, in ten equal installments, together with interest, payable annually, and for the costs of this street construction a lien was given on the abutting property.

The work was done, and all steps necessary under the act done to charge the property. The annual payments for the years 1895, 1896, 1897 and 1898 not being paid, this action was brought to enforce the lien and for a sale of the property to satisfy same.

The case was submitted on the petition alone, and the lower court rendered judgment dismissing the peti-

tion, for the reason, as stated, the action to enforce the
lien could not be maintained till all the liens fell due, un-
der subsection 3, section 694 of Civil Code.    From that
judgment, this appeal is prosecuted.

There being no answer, every fact stated in the petition
is taken as true by confession, and the only question pre-
sented is, can a foreclosure of the liens for improvement
be had till all are due?

This is not made a personal obligation, and a personal
judgment could not be rendered therefor.    The only rem-
edy is a sale of the property to pay this assessment.

The property sought to be subjected are lots in a city,
each about twenty-five feet in width, with a separate
amount against each lot.    It therefore follows that the
property is not susceptible of division.

It is insisted by appellees that the judgment of the.
lower court should be affirmed, as subsection 3 of section
694 of the Civil Code provides that no sale of indivisible
property shall be made till all debts that are a lien thereon
are due.

We are of opinion that that section of the Code
has no application to this. case.    The act under which
this charge against this property was authorized and cre-
ated does not authorize a personal judgment against the
owner, but makes the amount of this assessment due to
the appellant, and payable in annual installments, and is
made a direct charge on the lots fronting on the improve-
ment.    This is not a debt due by appellees.    No judgment
could be rendered against them for the amount of the
whole or of any annual assessment.    It is a charge on the
land, yet it was not provided or intended that all should
be paid in any one year.    It was evidently the intention
of the Legislature to charge this property, abutting the

improvement, with an annual tax for the payment of the cost of the improvement. We are of opinion that the annual assessment, as here sought to be collected, is but a special tax on the property, and that, like other liens for taxes, may be sold for all past-due amounts, regardless of the fact that in each year, as long as it exists, a similar charge will come and be a like lien on the property. There should evidently, be but one sale for all past-due sums, but this would not exhaust the lien for the future years, no more than a sale by a sheriff for taxes would forever exempt that property for tax liens. The amounts of this special tax that is not due and included in the judgment of sale would still be a lien on the property, and for such sums unpaid the property could be again subjected to sale, in the hands of any person, like any other tax. The material difference between this and ordinary taxation is that this exists only ten years, and for a sum fixed per year, while taxes go on forever, and vary in amounts. For the reasons indicated, the judgment dismissing the petition is reversed, and cause remanded to overrule the demurrer to petition and for proceedings consistent herewith.