CASE 108—ACTION BY J. SMITH BOWMAN AGAINST THE CITY OF LEX-INGTON, TO SET ASIDE A LIEN FOR SPECIAL ASSESSMENT FOR STREET IMPROVEMENTS.—FEB. 14.

# City of Lexington v, Bowman.

APPEAL FROM FAYETTE CIRCUIT COURT—WATTS PARKER, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF.  DEFENDANT APPEALS.  REVERSED.

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—SPECIAL ASSESS-MENTS—MODE OF PAYMENT—PROCEEDING TO ENFORCE—STATUTE OF LIMITATIONS—ESTOPPEL—PRACTICE.

1. Under Act Kentucky, April 13, 1890 (2 Acts 1889-90, p. 899, c. 902), amending the charter of the city of Lexington, and authorizing the levy of a special tax on property benefited by street

City of Lexington v. Bowman.

improvements, sufficient to pay for two-thirds of the cost, the balance to be paid by the city, and authorizing the general council, at the request of parties liable for such special taxes, to lend such parties the credit of the city for a period not exceeding ten years, for an amount sufficient to pay the entire cost of said improvements, the same to be paid in ten equal annual payments, a property owner who, knowing that the city was acting on the idea that he had requested such a ten-year plan, fails to object, and who, after the city has issued its bonds and paid the entire cost of the improvement, pays without objection two annual installments assessed on that basis, is estopped to deny that he made such request, and, after five years, rely on limitations as a bar to the enforcement of the lien for the balance of instalments.

2. Proceeding to enforce the payment of assessments on property for street improvements are governed by the same rules as other actions.

ALLEN & DUNCAN, FOR APPELLANT.

### SUMMARY.

I. The doctrine of equitable estoppel broadly considered,

II. The doctrine of waiver or acquiesence the true ground.

III. The authorities considered. State v. Borough of East Rutherford (N. Y.), 47 Alt., 489; Wingate v. City of Astoria (Oregon), 65 Pa., 982; State v. City of Paterson (N. J.), 51 A., 922; Gibson v. Owens, 115 Mo., 258, 21 S. W., 1107; Jenks v. City of Chicago, 48 Ill., 296; Fitzgerald v. Walker, 55 Ark., 148, 17 S. W., 702; City of Moccotine v. Chicago, R. I. & P. Ry. Co., 79 Iowa, 645, 44 N. W., 909; Marse v. City of Omaha (Neb.), 93 N. W., 734; State v. City of Paterson, 40 N. J. Law, 244; Wilson v. City of Talene, 24 Or., 505, 34 Pac. A.; Covington v. Dressman, 6 Bush, 210; Preston v. Robertson, 75 Ky., 570; Richardson v. Mehler, 111 Ky., 408, 23 Ky. Law Rep., 921; Barber Asphalt Co. v. Gaar, 24 Ky. Law Rep., 2227, 2235; City of Louisville v. Gast, &c., 26 Ky. Law Rep., 412.

IV. It is the duty of the property holder to keep himself advised as to the proceedings of the municipal legislature and to object to legislation adverse to his interests and to point out irregularities before the rights of others have accrued and if he fails to take steps at the time to protect his rights when relief could have been given him without injustice to others he will be held by a court of equity to have acquiesced in and waived the irregularity.

Authority *supra*.

V. The principles of the cases applied to the facts of the present case.

VI. The appellee permitted the city to change its position in reliance upon the correctness of the levy.

VII. The burden of appellee substantially the same on the ten-year plan as on the cash plan,

VIII. The Thompson and the Crosthwaite decisions considered. Thompson v. City of Lexington, 20 Ky. Law Rep., 487; City of Lexington v Crosthwaite, 25 Ky. Law Rep., 1898.

IX. The bonds by appellant in payment of the entire cost constitute a personal liability of the appellant.

X. The following cases discussed and shown not to be applicable to the present case: City of Catlettsburg v. Self, 25 Ky. Law Rep., 161; Adams v. City of Ashland, 26 Ky. Law Rep., 184; Gedge v. City of Covington, 80 S. W., 1160.

MAURY KEMPER, FOR APPELLEE.

SYNOPSIS OF ARGUMENT.

A.

MOTION TO STRIKE FROM THE FILES.

1. An amended petition may be filed without leave of court at any time before answer. Ky. Civil Code, sec. 132.

2. The rule of pleading, forbidding departure in pleading, does not apply to affirmative pleadings before answer, but to pleadings subsequent to plea or answer. Stephen on Pleading, p. 354; Ky. Civ. Code, sec. 101.

3. There is no departure, however, in the case, if the rule of departure did apply; since there is no inconsistency between the petition and the amended petition, and the facts stated in the amended petition might properly have been plead in the petition.

4. A motion to strike from the files a pleading comes too late after issue joined upon the pleading sought to be stricken from the files; just as in cases of motion to elect between different courses of action after issue joined. Diamond Coal Co. v. Carter Dry Goods Co., 20 Ky. Law Rep., p. 1444; Kenton Insurance Co. v. Osborne, 21 Ky. Law Rep., p. 330.

5. The relief sought by the motion to strike from the amended petition can only be reached by estoppel, which can only be relied upon by special plea in bar. Keel v. Ogden, 3. Dana, p. 107; Wames' Ex'rs v. Bledsoe's Administratrix, 4 Dana, p. 74; Burdett's Exr. v. Burdett, 3 Marshall, p. 143.

City of Lexington v. Bowman.

## B.

THE DOCTRINE OF EQUITABLE ESTOPPEL IN THIS CASE.

1. The payment of a tax or local assessment is presumed to be involuntary, and, therefore, the payment of a part of a tax is not an act even remotely sustaining an estoppel.

2. The appellant acted with a complete knowledge of the respective rights of the parties, and, therefore, can not complain. Bispham's Equity, sec. 289.

3. To constitute an equitable estoppel there must be alleged and proved an intention to deceive, and an actual deception. Stephens' Digest Law & Evidence, A. W., 102, p. 153; Bispham's Equity, secs. 289-290.

4. There was no duty imposed upon the appellee in this case to act or speak, since the appellant assessed the tax at its own peril, and with full knowledge of its rights. Bispham's Equity, p. 397.

5. All the allegations of the second paragraph of appellant's answer, except the aleged payment of two instalments of the assessments, are improperly pleaded; hence not to be considered as true on demurrer, and should be disregarded by this court.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—REVERSING.

By an act of April 13, 1890 (2 Acts 1889-90, p. 899, c. 902), amending the charter of the city of Lexington, it was enacted that the general council might provide by ordinance for the construction and reconstruction of the streets of the city, and order a special assessment to be made by the city assessor on the property fronting on the street that was improved. The assessment was directed to be returned to the council, and, if confirmed by it after notice to the property holders, it became final, and the council was authorized to levy a special tax on the property sufficient to pay for two-thirds of the entire cost of the improvement; the other one-third to be paid by the city. A lien was given on the property for the special taxes, which were authorized to be collected as other taxes. The act then made the following alternative mode of payment for the improvement:

"The general council may, at the request of parties liable for special taxes levied, lend such parties the credit of the city for a period not exceeding ten years, as provided in this section, for an amount sufficient to pay the entire cost of said improvements. The tax levied for the cost of construction shall then be divided into ten equal annual payments, payable one-tenth each year, and so levied on the assessed value of the property liable for said improvements. Said special taxes on this 10-year plan shall be a lien on the property on which they are levied, and their collection made and enforced as other taxes. Said taxes when collected shall be used exclusively in paying the street bonds issued on that street or block. In cases where the general council lends the credit of the city in paying the cost of construction or re-construction, the city shall be liable only for the interest on said bonds, the property paying the entire cost of the improvement. The general council shall make all necessary regulations and prescribe the proper forms to be used in carrying out the provisions of this section." The city council passed an ordinance reciting that all the owners of the front feet of property on appellee's block adjoining the improvement had petitioned the council to cause Broadway to be improved on the 10-year plan, and it was provided in the ordinance that the improvement of the street should be made on the 10-year plan. After the improvement was made, the city passed an ordinance levying the tax, which also recited that all of the owners of property on this block had petitioned to have this improvement made on the 10-year plan; that they had requested the general council to lend them the credit of the city for a period of ten years for an amount sufficient to pay the entire cost of the improvement. The city issued its bonds and paid for the improvement, and appellee paid the first and

second of the ten installments assessed against his property. He refused to pay the remainder of the tax, and on February 23, 1901, filed this suit on the ground that the proceedings of the council were void, and that there was no lien on his property. Among other things, he pleaded that he did not request the city to lend him credit for 10 years, or for any period of time; that his liability for the improvement attached at the time of the completion of the work, in the year 1892; and that the defendant's cause of action, if any it had, was barred by the limitation of five years. In answer to this plea, the defendant alleged that the above ordinances were passed by the general council under the belief that all of the property owners on the block. including appellee, had requested the 10-year plan of payment; that the plaintiff knew that the ordinances were passed by the council in reliance upon this belief; that the plaintiff had actual knowledge that the ordinances contained the recitations above referred to, and knew that the city had issued its bonds and paid the entire cost of the improvement under the belief that the plaintiff and the other owners of the property on the block had requested the loan of the city's credit as aforesaid; that the officers of the city were unable to find any record showing that the plaintiff had requested the 10-year plan of assessment, but that the plaintiff had paid the first and second installments without objection, and that he had made no objection to the mode of assessment until his amended petition was filed in the action, pleading limitation, on March 12, 1903; that appellee had induced it by his conduct to extend its credit to him for the period of ten years for the entire cost of the improvement; that he had accepted the credit, and acquiesced in the mode of payment adopted by the city, and thereby induced it to believe that no objection to the tax

would be made by him by reason of the 10-year plan being adopted, and that the city, by reason of the conduct and acts of appellee, had made no attempt to enforce the tax, and but therefor would have instituted legal proceedings within the period of five years for the purpose of enforcing the payment of the special tax; and that by reason of these facts appellee was estopped to deny that he had requested a loan of the city's credit, or to say that the 10-year plan should not have been adopted, or to plead or rely upon the statute of limitation. The court sustained a general demurrer to this much of the answer, and, the city declining to plead further, entered a judgment in favor of appellee on the ground that the claim was barred by limitation.

In the City of Lexington v. Crosthwait, 78 S. W., 1130, 25 Ky. Law Rep., 1898, it was held that, in case there was not a request by the abutting property holder to the city to permit the adoption of the 10-year plan of payment, the statute made two-thirds of the cost, and no more, a charge against the abutting property, and made it due when the work was completed and accepted; that the city could not, without the request of the lot owner, enlarge his liability by increasing it and extending the time of its payment for ten years; and that where the property owner did not request the adoption of the 10-year plan, and, notwithstanding this, the city adopted that plan, the statute of limitation ran in favor of the property owner from the time the cause of action accrued. But no question of estoppel was considered in that case. The opinion proceeds on the idea that there was in that case no sufficient plea of estoppel. The question of estoppel is the only matter to be determined on the appeal now before us.

A lien was created on appellee's property when the improvement was made under the ordinances and was accept-

ed by the council, and the cost of the improve-
ment was assessed against the property and confirm-
ed by the council. As to what mode of payment should be
followed to release the property from the lien, an option
was given the property holder by the statute. He was en-
titled to have the 10-year plan of payment if he requested it.
A request may be expressed or it may be implied. If the
appellee did not in advance request the council to adopt
the 10-year plan, he might afterwards consent to its adop-
tion. The choice was with him. If he knew that the city
was acting on the idea that he had requested the 10-year
plan, and on this ground had issued its bonds and paid the
contractor, or was about to do so, and, instead of objecting,
went on and paid the first and second installments which he
knew were assessed against him on this basis without ob-
jection on his part, and with the knowledge that the city au-
thorities understood that he had requested the 10-year plan,
he can not now be heard to say that he did not request it.
If he received credit from the city, knowing that the city
was acting upon the idea that he had requested it, he can not
be allowed, after enjoying the credit which he thus received,
to say that he did not request, and thus throw a loss on
the city which it would not have sustained but for his mis-
leading it. If A. is to pay B. $500, or, at B.'s request, 500
bushels of wheat, B. would not be allowed to accept the
wheat from A., and, after enjoying it, to say that he did not
request the payment of the debt in wheat. If appellee did
not request the city to adopt the 10-year plan he knew that
it had adopted it, and he accepted and enjoyed the credit
which the city thus gave him. The law must imply a re-
quest for what he has thus received and enjoyed, whether he
expressly requested it or not. Equitable estoppels are not
confined to acts willfully and intentionally done for another

to act upon. If a person knows that another is altering his position for the worse on the idea that he has requested him to do something, and knows that the other person is in good faith complying with the supposed request, he can not, after enjoying all the benefits, if the other party will be prejudiced thereby, be allowed to say that he made no request.

Proceedings to enforce the payment of assessments made on property for the improvement of streets are governed by the same rules as other actions. It is true that, to create a lien on the property of a citizen, the statute must be complied with. But here there is nothing involved but the mode of payment for an improvement already made. If appellee had not wanted the 10-year plan followed, all he had to do was to go to the council and say: "You were mistaken about my requesting the 10-year plan. I will pay my assessment now on the cash basis." He was required to act in regard to this liability upon precisely the same principles as in the case of any other debt, and he can not be allowed to acquiesce in the mode of payment adopted by the council until after the lapse of five years, and then rely upon limitation in bar of the claim. Richardson v. Mehler, 111 Ky., 408, 23 R., 917, 63 S. W., 957; Louisville v. Gast, 81 S. W., 693, 26 Ky. Law Rep., 412; Barber Asphalt Company v. Gaar, 73 S. W., 1106, 24 Ky. Law Rep., 2227.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the second paragraph of the answer, and for further proceedings consistent herewith.

Response to petition for rehearing:

The petition for rehearing assumes that there is an irreconcilable conflict between the opinion heretofore delivered in this case and the opinion in the City of Lexington v. Crosthwait, 78 S. W., 1130, 25 Ky. Law Rep., 1898. It is said in the opinion in this case, distinguishing it from Crosth-

wait's case. "But no question of estoppel was considered in that case. The opinion proceeds upon the idea that there was in that case no sufficient plea of estoppel." Appellee parallels the pleas in the two cases—for the plea was attempted in the Crosthwait case—to show that there is really no difference between them. The reason we did not consider the plea of estoppel in the Crosthwait case was that, in our opinion, it lacked one or more essentials of a good plea, admitting that it was available. We felt it unnecessary to discuss the question whether a plea of estoppel would avail as a defense when no such plea was in fact presented. The essentials of estoppel are too well known to require their being set out here. In the Crosthwait case the plea fell short of being good in at least this particular: It nowhere charged that the city, had been induced by Crosthwait's conduct to alter its position, or to forego any right whatever. While a tax liability may be created by estoppel, as to manner of payment, when the statute admits of alternative methods, it does not follow that the liability can be created by a mere admission of the lot owner. Such admission may be evidence, to be weighed in deciding the fact, that the lot owner had made the request for the assessment to be levied in the manner claimed, but it is rebuttable. But where the city has acted to the prejudice of some other right it had, in reliance upon the request or the admission, the lot owner will not be heard to deny that he in fact made the request, where he induced or knowingly suffered the city to act under that belief. A taxpayer has no more right to be dishonest toward the government than toward other persons. There is a marked distinction between the cases. They are in no sense in conflict.

Petition overruled.