## City of Middlesboro v. Terrell et ux.

(Decided Dec. 11, 1934.)

48

CHAS. E. HERD and ROBT. J. WATSON for appellant.

ROBT. L. MADDOX, JAS. S GOLDEN and GOLDEN, LAY & GOLDEN for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The city of Middlesboro, a city of the third class, in accordance with the authority conferred upon it by section 3458, Kentucky Statutes, adopted ordinances, the regularity of which is not disputed, for the construction of the street, at the expense of the abutting property owners, fronting lots Nos. 31-33, block No. 506, section northeast, owned by "Charles Terrell and wife."

After it was constructed, accepted, and approved by the city's legislative body, within the time fixed by the statute, they exercised the option accorded them by section 3458, and, in consideration of the privilege of paying it by installments, agreed not to object to any illegality or irregularity of the taxes, and to pay the same in the manner provided by section 3458 "with specified interest." The city accepted their written proposition. The cost of the construction assessed against their property was $1,611.69, to be paid on the ten-year payment plan, of which they paid $405.33. The installments maturing September 1, 1926, 1927, 1928, 1929, 1930, 1931, 1932, and 1933, of $108.82 each were not paid by them as they matured, or at all.

The city paid them out of its general fund as they annually matured and thus acquired title to the bond evidencing the assessment against their property.

On the 2d day of March, 1934, this action was filed by it to enforce the statutory lien on their lots for the satisfaction of the face amount of the bond, with interest, less $405.33, with penalty as authorized by section 3458.

They traversed the petition, in part, and affirmatively pleaded that the first installment for which the city sues matured September 1, 1926, and remained delinquent for more than thirty days; this delinquency for thirty days accelerated the due date of all the other

installments for the years 1927, 1928, 1929, 1930, 1931, 1932, 1933, 1934, and 1935, which they averred became due thirty days after September 1, 1926, or October 1, 1926, at which latter date the city's cause of action for all of the installments accrued, and it "did not accrue within five years before the commencement of this action and all the installments were barred by lmitation of five years," which they formally pleaded as a bar. In avoidance of the plea of limitation, the city pleaded the agreement of "Terrell and wife" to accept "the ten-year payment plan"; its ownership of the bond and its right of subrogation to that of the original holder.

"Terrell and wife" demurred to its reply which was sustained by the court; the city declined to amend, and elected to stand by its reply. The court decreed that the plea of limitation was a bar to the city's recovery, and dismissed its petition.

Upon this premise, the Terrells earnestly insist the court properly decreed the city's cause of action accrued October 1, 1926, and was barred by the five-year statute of limitation prescribed by section 2515, Kentucky Statutes.

The city concedes that "the right to charge property with the cost of street improvement is purely statutory (Broadway Baptist Church v. McAtee, 8 Bush, 508, 8 Am. Rep. 480)," but contends "that the five year statute of limitation has no application to street assessment liens where by written request of the property owner, arrangements are made to pay the assessment in ten annual installments."

To sustain their respective argument, the city and "Terrell and wife" cite us to City of Lexington v. Crosthwaite, 78 S. W. 1130, 25 Ky. Law Rep. 1898; City of Lexington v. Wolfolk, 138 Ky. 392, 128 S. W. 104; City of Covington v. Patterson, 191 Ky. 370, 230 S. W. 542; City of Lexington v. Bowman, 119 Ky. 840, 84 S. W. 1161, 85 S. W. 1191, 27 Ky. Law Rep. 286, 651; Jackson's Heirs et al. v. Wilson, 226 Ky. 211, 10 S. W. (2d) 816, 817.

In City of Lexington v. Woolfolk, City of Lexington v. Crosthwaite, and in City of Covington v. Patterson there was no request of, or contract with, the property owner that the assessment be put on a ten-year

payment plan. In City of Lexington v. Bowman, the abutting property owners, including Bowman, had requested the cost of the improvement to be paid on the ten-year plan; the lien attached in 1892. Bowman paid two installments and then paid nothing more. In February 1901, he brought an action to have the property declared free of the assessment lien, alleging he had not requested the privilege to pay for the improvement on the ten-year plan; that the lien had attached in 1892 and more than five years had elapsed since the last payment, and consequently the balance was barred by the statute of limitation. The city pleaded as an estoppel the request of the property owners, including Bowman, for the payment of the cost of the improvement on the ten-year plan. We held the plea of estoppel was good and declined to permit Bowman to rely on the five-year statute of limitation. It is apparent that a number of the ten-year installments had not matured five years next before Bowman filed his action. The question was not presented nor determined whether those installments that had matured more than five years before the filing of his action were barred, and those maturing within five years next before the commencement of the actions were not barred by the statute of limitation.

In Jackson's Heirs et al. v. Willson, the installments were payable on the ten-year plan and those sued for had matured within five years next before the commencement of the action; and for this reason a demurrer was sustained to the answer pleading the limitation of five years. In discussing the subject of the statute of limitation, we said:

> "It is true that, in the absence of request by the property owner for payment on the ten-year bond plan, liability to pay for street improvements accrues on the completion and acceptance of the work, and the cause of action is barred in five years from that time; * * * but this rule does not apply where such request is made by the property owner. In such a case the principal and interest are payable in ten installments, and the cause of action does not accrue on these installments until they are due. Hence no installment of principal or interest is barred until after the lapse of five years from the time it is due."

The factual distinction between the Jackson heirs—Willson Case and the pending one, is, in that case the installments sued for had not been due more than five years; whereas, in the pending one, a number. of them were due more than five years before the institution of this action. It is conceded that the cited cases do not decide the question here involved, except by analogy.

It seems to be conceded that assessment for street improvements created under section 3458 is not a personal liability, but is imposed only on the property of abutting owner and is secured by a lien thereon. City of Owensboro v. Hope, 110 S. W. 272, 33 Ky. Law Rep. 426; Meyer v. City of Covington, 103 Ky. 546, 45 S. W. 769, 20 Ky. Law Rep. 239; City of Mt. Sterling v. Montgomery County, 152 Ky. 637, 153 S. W. 952, 44 L. R. A. (N. S.) 57; Cave Hill Cemetery Co. v. Gosnell, 156 Ky. 599, 161 S. W. 980; City of Mt. Sterling v. Bishop, 228 Ky. 529, 15 S. W. (2d) 416; Moss v. Andrews Asphalt Paving Co., 229 Ky. 419, 17 S. W. (2d) 255. The parties indulge in a debate in their briefs of the topic of waiving by contract the statute of limitation, a subject which we do not consider material, since the liability of Terrell's property for the cost of the improvement is purely statutory.

Section 3458 contains this language:

"In cases where the option to pay in installments is exercised the local tax, with interest at the rate of six per cent. (6%) per annum, shall be payable as follows: One-tenth of the tax, with interest on the entire tax at the time fixed by law for the payment of general city taxes occurring next after the expiration of the thirty days allowed for the payment in cash, and annually thereafter, one-tenth of the entire tax until the whole is paid. At the end of each six months from the time the first installment of the tax becomes due, interest shall be due and payable for such six months on all unpaid installments of the tax; provided, that any person may, at any interest paying period after the fifth annual installment of his tax becomes due, pay the entire assessment of tax against his property, with accrued interest. All installments of such special assessments and interest shall be placed upon the tax duplicate with other taxes of persons liable for

such special assessments, and the tax bills for such special assessments may, in addition to the other remedies given in this act, be sold and collection thereof enforced in the manner provided by law for collection of municipal taxes. In default of payment of any installment of tax or interest for one month after the same becomes due, a penalty of six per cent. (6%) of the installment in arrears shall be added thereto, which shall constitute a like lien as the tax, and all unpaid installments of the tax shall, at the option of the city or any bondholder whose bonds or interest thereon are in default of payment, forthwith becomes due and payable. It shall be the duty of the treasurer upon order of the common council, or the board of commissioners in cities which have adopted or may adopt the commission form of government, to promptly apply all money paid in on such installments to the payment of the bonds and coupons which may be issued as provided in the next section in anticipation of the collection of such local taxes. If the fund accumulated from the collection of assessments, interest and penalties for any particular improvement be more than sufficient to pay the principal and interest of the bond issued in anticipation of such collection, the common council or said board of commissioners shall make a ratable reduction from the last installment of each person's assessment. Should there be any deficit, the common council or said board of commissioners may provide for payment of same out of the general fund. Failure on the part of the city to collect any such local tax, or installment thereof, when due shall create no liability against such city, but the person entitled to such tax or the owner of any such bonds shall have the right to proceed in any court of competent jurisdiction to foreclose the lien for such unpaid assessments, recovering interest and costs, and may have the proceeds of the property applied in settlement thereof. * * *''

"Terrell and wife" assert that the words of the statute vesting the bondholder with the option as to "all unpaid installments," mean that he must exercise the right to collect the entire assessment within five years after the first default of payment of any installment of taxes, or interest, for one month after the same

becomes due, otherwise the statute of limitation of five years is a bar to his right to enforce the lien as to those in default as well as those that have not matured.

They support this argument with quotations from City of Covington v. Patterson, supra, Ryan v. Caldwell, 106 Ky. 543, 50 S. W. 966, 20 Ky. Law Rep. 2030, Elam v. Salisbury et al., 180 Ky. 142, 202 S. W. 56, and Rock Island County v. United States ex rel. State Bank, 4 Wall. 435, 18 L. Ed. 419. These cases construed the word "may" as it was used in the legislative enactments under review. They argue that the phrase "at the option" in section 3458 is equivalent to the word "may" in the enactments involved in those cases.

Whether the word "may" in a statute is to be construed as mandatory or merely as a permission and conferring discretion, is to be determined in each case from the apparent intent of the statute as gathered from the context, as well as from the particular provision. Colby University v. Village of Canadaigua (C. C.) 69 F. 671.

So much of section 3575 as controlled our opinion in City of Covington v. Patterson, was eliminated by an amendment adopted in 1916 (Acts 1916, c. 113, p. 675, sec. 7), and in lieu thereof, language identical with that in section 3458 was inserted. The amendment contains the phrase "and all unpaid installments of the tax shall, at the option of the city or any bondholder whose bonds or interest thereon or (are) in default of payment, forthwith become due and payable." The elimination of the controlling language of the statute construed in City of Covington v. Patterson, and the inclusion of the words "at the option" in the amendment, plainly manifest the intention of the Legislature not to give the same meaning to the words "at the option," as the court gave to the word "may" in City of Covington v. Patterson. In our construction of the eliminated clause of the statute, we adopted and followed the general rule that where the Legislature uses the word "may," it means "must" or "shall" only in cases where the public interest and rights are concerned; or where the public or third persons have a claim de jure, or where something is directed to be done for the sake of justice or the public good, then the power conferred by the enactment should be exercised. See Malcolm v. Rogers,

5 Cow. (N. Y.) 188, 15 Am. Dec. 464. As used in section 3458, the word "option" means the right, power, or liberty of choosing between alternatives, or the exercise of such right; discretion. It is used in the sense of the word "privilege," and cannot be given the meaning of "must" or "shall." Hyatt v. Vinita Brass Works, 89 Okl. 171, 214 P. 706; Malone v. Meres, 91 Fla. 709, 109 So. 677; Norwood v. Adams (Tex. Civ. App.) 51 S. W. (2d) 625; Twin Falls Oakley Land & Water Co. v. Martens (C. C. A.) 271 F. 428. A writ of certiorari was denied in the last case by the Supreme Court of the United States, Martens v. Twin Falls-Oakley Land & Water Co., 257 U. S. 637, 42 S. Ct. 49, 66 L. Ed. 410.

Section 3458 provides for the placing of all installments of special assessments for street improvements upon the tax duplicate with other taxes of persons liable for such special assessments and the collection thereof enforced in the manner provided by law for the collection of other municipal taxes, with the right or power in the city or bondholder to choose to treat the installments not yet due, due and payable, and proceed to collect them with those already in default; but if no election is made by either of them, they are accorded the right to collect the installments already in default and unpaid, without affecting the right thereafter to collect the installments maturing in the future.

In District of Clifton, Campbell County, v. Schneider, 106 Ky. 605, 51 S. W. 13, 14, 21 Ky. Law Rep. 212, the cost of the street improvement was to be paid by the owner of the abutting property in ten equal installments, together with interest, payable annually, which was secured by a statutory lien on the abutting property. The annual payments for the years 1895, 1896, 1897, and 1898 not being paid, the action was brought to enforce a lien and for a sale of the property to satisfy the same. The remainder of the ten-year installments were not due at the time the action was filed. The circuit court decreed the action to enforce the lien could not be maintained until all the liens were due under subsection 3, sec. 694, of the Civil Code of Practice. It was our conclusion the act under which the lien was created imposed the charge against the property, and did not authorize a personal judgment against the owner; that the assessment was a tax, a direct charge

on the lots fronting on the improvement, but not a debt within the meaning of the Code provision, supra. We said:

> "It was evidently the intention of the legislature to charge this property, abutting the improvement, with an annual tax for the payment of the cost of the improvement. * * * The annual assessment, as here sought to be collected, is but a special tax on the property, and that, like other liens for taxes, may be sold for all past-due amounts, regardless of the fact that in each year, as long as it exists, a similar charge will come and be a like lien on the property. There should be, evidently, but one sale for all past-due sums, but this would not exhaust the lien for the future years, no more than a sale by a sheriff for taxes would forever exempt that property for tax liens. The amount of this special tax that is not due and included in the judgment of sale would still be a lien on the property, and for such sums unpaid the property could be again subjected to sale, in the hands of any person, like any other tax."

Applying the principles stated in District of Clifton, Campbell County, v. Schneider, 106 Ky. 605, 51 S. W. 13, 21 Ky. Law Rep. 212, and giving due regard to the language of section 3458, it is very clear that as each annual installment of the assessment matured in the pending case, to prevent the running of the statute of limitation as to an installment in default, the holder of the bond was under the duty to enforce the collection thereof by one of the remedies provided by the statute, within five years and thirty days after its maturity; otherwise, the same at the expiration of five years will be barred by the statute of limitation of five years. This applies to each and every installment that matured more than five years and thirty days next before the commencement of this action. Those installments which matured withn five years and thirty days next before the commencement of this action are controlled by the principles stated in Jackson's Heirs et al. v. Willson, and they are not barred by limitation. National Exchange Bank v Smith, 63 Ind. App. 574, 114 N. E. 881. The right of action herein does not arise out of, nor is it based upon, the written agreement of the Terrells. The lien sought to be enforced is purely a statutory one

and exists independent of their written agreement to pay the assessment on the ten-year installment plan. See cases supra.

The judgment not being in harmony herewith, it is reversed for proceedings consistent with this opinion.

The whole court sitting.