## City of Middlesboro et al. v. Terrell et al.

Jan. 26, 1940.

James M. Gilbert, Judge.

14

Robert J. Watson and E. P. Nicholson, Jr., for appellants.

R. L. Maddox and Anderson Wood for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This action was instituted by the city of Middlesboro to recover on street assessments payable under the 10-year payment plan provided by Kentucky Statutes,

Section 3459. During the year 1925 the Humbard Construction Company, pursuant to contract with the city, paved North 25th Street upon which the property of the appellee, A. M. Terrell, abuts. At the time of the construction the property was owned by one J. L. Purcell who, upon completion of the work, accepted the 10-year payment plan, electing to pay for the improvements over a period of 10 years, commencing on September 1, 1926, and waiving all objections as to the propriety of the assessment.

Shortly afterwards, Chas. A. Wood, holder of a mortgage on the Purcell property, filed suit to foreclose the mortgage and a judgment of sale was entered in the action pursuant to which the property was sold and purchased by Wood, who later conveyed it to the present owner, appellee, A. M. Terrell, retaining a lien for the unpaid purchase money. Wood died testate, his widow, Mary Wood, being his sole devisee. She and her two children were made parties defendant in the action although it seems the children were not necessary parties.

During the progress of the litigation the city assigned to appellants, E. P. Nicholson, Jr., and John Walbrecht, all rights of the city in and to the assessments due and payable prior to and including the year, 1931; pursuant to this assignment, these assignees were, by order of the court, made parties plaintiff in the action. No assignment was made of the city's right to collect the assessments maturing subsequent to the year 1931 and the city continued to be a party plaintiff in its own right as to these assessments and party plaintiff, suing for the use and benefit of the assignees, as to the assessments covered by the assignment. E. P. Nicholson, Jr., also had in his possession for collection all the outstanding bonds issued in the anticipation of assessments made on the street in controversy. The city had, prior to and including 1931, paid the 10-year street improvement bonds as they matured, advancing sufficient money from the general fund where receipts from assessments were insufficient to meet the payments.

The defenses interposed through a series of pleadings and amended pleadings, insofar as material to the considerations raised on this appeal, were:

(1) That by a former action in the Bell Circuit

Court a judgment was entered in 1927 adjudging Chas. A. Wood, predecessor in title, to have a first lien on the property of the appellees, in which action the city of Middlesboro was a party and that this judgment was a bar to recovery.

(2) That by reason of the transaction by which the city assigned certain portions of the street assessments to Nicholson and Walbrecht, the street assessment lien was completely lost since the assignment was not made according to Section 4168a et seq. of the Kentucky Statutes, relating to the transfer of general tax liens.

(3) That because the city advanced out of its general fund money with which to pay street improvement bonds maturing in 1931 and previous years it thereby lost its right to recover on assessments levied to pay these bonds.

The trial court held that all installments of the street assessments falling due in the year 1928 and prior thereto were barred by limitation and the correctness of this ruling is not challenged by appellants.

The trial court overruled demurrers to the first and second defenses above mentioned but sustained a demurrer to the third defense. The city and the other appellants declined to plead further and judgment was entered dismissing the petition. This appeal is prosecuted from that judgment and appellees have prosecuted a cross appeal from the action of the court in sustaining a demurrer to the third defense above mentioned. It is at once apparent that this cross appeal may not, as such, be considered because the order sustaining a demurrer was not a final order and not subject to appeal. However, as the facts set up in that defense appear in the petition and as the court dismissed the petition, its action in doing so would be justified if the third ground presented a good defense although the petition was dismissed for other reasons. We will therefore proceed to consider whether or not any one of the three defenses was good.

In connection with the first ground of defense it is contended that the city was never served with summons and that therefore the judgment interposed as a defense is not binding on the city. (Facts interposed by a reply and records introduced indicate strongly that the city

was never before court in that action.) We find it un-necessary, however, to determine whether or not process was executed on the city for even though such were the case the judgment did not have the effect of barring the city's right of recovery. The only adjudication in that judgment affecting any right of the city was that the mortgage or purchase money lien of Chas. A. Wood was a prior and superior lien to the lien of the city for the street assessments. That lien of Chas. A. Wood was completely satisfied by the execution of the judgment in that action selling the land. When that sale was made that lien became non-existent. There was no ad-judication that the city did not have a lien, the judg-ment being only that its lien was subordinate to that of the plaintiff in the action. The purchaser of the prop-erty at the foreclosure sale bought it subject to the city's lien and the fact that the plaintiff in the action became the purchaser of the property did not serve to prevent this from being true. The only thing that could have protected the purchaser at the foreclosure sale from the city's lien would have been an adjudication that the city did not have a lien. There was no such adjudication. The purchaser, therefore, even though he was plaintiff in the action, took the property subject to the lien of the city—the lien was merely subordinate to that of the plaintiff. It is clear therefore that the trial court was in error in overruling appellants' demurrer to this de-fense interposed by appellees' answer.

In overruling the appellants' demurrer to the sec-ond ground of defense interposed the trial court pro-ceeded on the assumption that the city in advancing money from its general fund to pay assessments matur-ing in 1931 and prior thereto was in the position of one who, as a volunteer, pays the taxes of another and there-by fails to acquire any lien for taxes. Sections 4168a et seq., Kentucky Statutes, provide a method whereby, upon the written request of the owner of property, a third party may pay the taxes and preserve the tax lien. This procedure was not followed in making the assign-ment of street assessments to Nicholson and Walbrecht and if the street assessments were, strictly speaking, taxes and collectible only as such, the trial court would have been correct in its ruling. We find, however, on examination of Section 3458 and 3459 of the Kentucky

Statutes concerning the lien created by such street assessments that while they are required to be placed upon the tax lists with other taxes and collected as are taxes, nevertheless, in addition to these remedies, the city has the remedies provided by those sections which include a right to bring suit and foreclose the assessment lien on the property. Not only is this true, but the city is still a party to this action suing to recover for its own use and benefit the assessments due subsequent to the year 1931 and to recover for the use and benefit of the assignees the assessments due prior thereto. Section 3458 plainly contemplates that the city may bring suit to collect these assessments and this it is now doing. The situation is in no respect similar to the ordinary situation of a volunteer paying the taxes of another, without complying with the statutory procedure required to preserve the tax lien. The trial court was in error in adjudging that a compliance with Section 4168a et seq. was necessary to preserve the street assessment lien in the circumstances here revealed.

In connection with third ground of defense interposed, to which the trial court sustained a demurrer, the same considerations pointed out in connection with the second ground are largely applicable. Stated broadly, the position of appellees is that the city by advancing money out of its general fund to pay street improvement bonds maturing in 1931 and previous years thereby lost its right to recover the amount of those assessments. It is argued that the city has no right to pay these assessments out of the general fund except in the case of bonds for the payment of which the faith and credit of the city is pledged, that is, that class of bonds mentioned in the latter part of Section 3459. By the last mentioned section it is provided that the city, upon the payment of bonds of this character, becomes the owner thereof and is subrogated to rights of the bond holders. From this it is argued that where the city pays bonds for which its faith and credit is not pledged it does not become the owner of the bonds. We are strongly urged to overrule City of Middlesboro v. Terrell, 259 Ky. 47, 81 S. W. (2d) 865, to the extent that it holds that in paying such bonds out of its general fund the city thereby became the owner of the bonds evidencing the assessments against the property. We find

however, that Section 3458, applicable to bonds for the payment of which the credit of the city is not pledged, plainly authorizes the council to provide for the payment of the bonds out of the general fund if there is a deficit in collection of assessments. We therefore conclude that the holding in the Terrell case was fully justified and that the city was not a mere volunteer in paying the assessments out of its general fund.

Complaint is made by appellees because the improvement bonds were not filed in the action and it is earnestly contended that the action to recover street assessments must be based on these bonds. During the progress of the action a motion was made and sustained that appellants produce the bonds. However, instead of insisting that the court enforce compliance with its order the appellees sat by without doing so. They had an ample remedy to compel the production of the bonds pursuant to the court's order by taking a rule against the appellants. This they did not do and are in no position to complain that the bonds were not filed. In addition to this it appears that the city has a right to sue on these street assessments without exhibiting the bonds. The sections of the statutes above mentioned plainly give the city a right to sue for the collection of the assessments and that without regard to whether the city has the bond evidenced by the assessments in its possession. As the city undoubtedly has the right to maintain an action for collection of the assessments, which it is now doing for itself and for the use and benefit of the other appellants, the appellees can in no wise be hurt or damaged by the payment of the assessments pursuant to any judgment that might be rendered against them. Although by statute the bonds are negotiable and the holder thereof is entitled to foreclose the lien of the assessment, nevertheless the city is also authorized and empowered to bring such an action and the collection of the funds by it in such an action is for the use and benefit of the bond holder. It is only where the bond holder sues to enforce the assessment that an exhibition of the bonds could be required because in such case the suit must necessarily be on the bonds. Any judgment that might be rendered in this action would necessarily be rendered in behalf of the city as to the street assessments not assigned by it and in its behalf

for the use and benefit of its assignees to the extent of the assessments assigned. Satisfaction of such a judgment would be ample protection to the appellees in any action that might be filed against them by a holder of the bonds. Having paid to the city, which they had a right to do, they could not again be compelled to pay the same assessment to a bond holder. It appears to us there is no merit in appellees' contention that any of these assessment liens were lost by reason of the fact that the city paid the assessments out of its general fund. The trial court was therefore correct in sustaining a demurrer to this defense interposed by the appellees.

The judgment is reversed for further proceedings consistent with this opinion.