No. 15,767.

## SHIRK, EXECUTOR, *v.* WHITTEN ET AL.

**LIEN.**—*Mortgage.*—*Ditch Assessment.*—When a person buys land subject to a mortgage, and the purchaser subsequently pays off said mortgage indebtedness, and there is a ditch assessment against said land, the purchaser can not, by so doing, be subrogated to the rights of the mortgagee under said mortgage and have the same declared a prior lien to said assessment, because the estate in fee and the mortgage estate meet in the same person, and the latter is, under the law, completely drowned.

From the Marshall Circuit Court.

*J. D. McLaren, E. C. Martindale* and *J. Mitchell,* for appellant.

*W. B. Hess,* for appellees.

ELLIOTT, C. J.—The appellant is the executor of Elbert H. Shirk, deceased, and prosecutes this suit in his representative capacity. He avers in his complaint that his testator bought of James N. Tyner a tract of land and received from Tyner a warranty deed on the 6th day of December, 1884; that the warranty was subject to a mortgage for one thousand dollars, executed by a grantor of Tyner on the 13th day of May, 1882; that on the 26th day of September, 1885, the testator paid the mortgage and it was entered satisfied of record; that, on the 7th day of February, 1883, a petition praying for the construction of a ditch was filed in the St. Joseph Circuit Court; that a judgment was entered establishing the ditch, and levying assessments upon lands for the cost of its construction; that among the lands assessed was the tract bought by the testator of Tyner, upon which an assessment for nine hundred and fifty dollars was levied; that the testator had no notice or knowledge of the proceedings for the establishment of the ditch. The prayer of the complaint is that the mortgage paid by the testator be declared a prior lien upon the land, and foreclosed for the benefit of the appellant.

No attack is made upon the proceedings on the petition for the establishment of the ditch, and we must assume that they were valid. As the appellant's testator bought the land after the proceedings were commenced, he could not successfully assail them except upon the ground that there was no jurisdiction, and as the court had jurisdiction of the general subject, the presumption is that it had jurisdiction of the particular case. We conclude, therefore, that the proceedings were valid and effective.

As the appellant's testator bought the land while the proceedings were pending in a court of competent jurisdiction, he was a purchaser *pendente lite,* and bound by the judgment rendered. He acquired title subject to the lien of the assessment, and he holds the land subject to that lien unless some principle of equity subordinates the lien of the assessment to the lien of the mortgage paid by him.

We know of no principle that will authorize the subordination of the assessment lien to that of the mortgage. Shirk paid the mortgage as the owner of the land, and, presumptively, as part of the purchase-money, so that there is no equity which will keep it alive to the destruction of the ditch assessment. *Atherton* v. *Toney,* 43 Ind. 211; *Bunch* v. *Graves,* 111 Ind. 351; *Hancock* v. *Fleming,* 103 Ind. 533; *Robins* v. *Swain,* 68 Ill. 197; *Weiner* v. *Heintz,* 17 Ill. 259; *Mines* v. *Moore,* 41 Ill. 273; *Johnson* v. *Zink,* 51 N.·Y. 333; *Russell* v. *Allen,* 10 Paige, 249; *Cleveland* v. *Southard,* 25 Wis. 479. Where a person pays an encumbrance he is under a duty to pay, or for which he is primarily liable, he extinguishes it. *Shields* v. *Moore,* 84 Ind. 440; *Kreider* v. *Isenbice,* 123 Ind. 10. The cases to which we have referred are decisively against the appellant.

The theory of counsel that equity will subrogate the appellant to the rights of the mortgagee under the mortgage paid by his testator, is shattered by the principles declared in the authorities to which we have directed attention, and it is condemned by other fundamental principles. It is con-

Shirk, Executor, v. Whitten et al.

demned by the principle that equity will not prevent a merger where to prevent it would result in injustice. *Boos* v. *Morgan*, 130 Ind. 305, and cases cited. There is here a technical merger, inasmuch as the estate in fee met the mortgage estate in one person and in the former the latter is, under the law rule, completely drowned. It is only by the interposition of equity that this result can be averted. But in such a case as this equity will not interpose, for there is no just reason why it should break the course of the rule of the law; there is, on the contrary, strong reason for holding the land subject to the lien of the assessment. The construction of the ditch benefited the land and thus added to its value, so that it is equitable that the land in the hands of its present owners should be subjected to the assessment. There is, in truth, no very satisfactory reason for allowing a mortgage lien to cut under the lien of an assessment for the construction of a ditch in any case, and there is no reason at all why it should be permitted to do so in such a case as the one before us.

The use which the appellant proposes to make of the lien to which he asks to be subrogated and which he prays may be kept alive for his benefit is not an equitable one, and hence a court of equity will not extend a helping hand. *Boos* v. *Morgan, supra*. The equity is against him, for, having acquired the land with the betterment which the construction of the ditch created, he ought, in good conscience, to pay the value of the betterment.

We fully recognize and approve the general doctrine that where a purchaser pays an encumbrance which he was not bound in equity to pay, for the purpose of protecting his title, it will be kept alive and enforced for his benefit, but we deny that the doctrine applies to such a case as that made by the complaint. Not one of the many cases cited by appellant's counsel is relevant to the facts of this case.

Judgment affirmed.

Filed April 29, 1892.