Filed June 14, 1895.

---

No. 1,613.

## HOLLENBECK v. WOODFORD ET AL.

CHATTEL MORTGAGE.—*No Statement as to Amount of Debt Secured.* —*Sufficient to Put on Inquiry.*—*Notice.*—If a chattel mortgage recite that it was given to secure the payment of ten promissory notes, the amount of which is not given, it is a sufficient notice to put all persons upon their inquiry; and if the record failed to state the amount owing, it was the duty of purchasers of the mortgaged property to ascertain the amount of indebtedness secured thereby. Such record is also notice to an execution creditor.

From the Monroe Circuit Court.

*J. R. East* and *R. G. Miller*, for appellant.

*H. A. Lee*, appellees.

ROSS, J.—As stated by counsel for appellant, the specifications of error calling in question the rulings of the court below present for decision the following questions, namely: "Whether a mortgage in blank as to amount gives the mortgagee a prior lien over an execution creditor on personal property of the mortgagor; and whether the recording of said mortgage, leaving the amount of notes, if any, blank as to the amount for which said mortgage is given, is notice to an innocent purchaser or an execution creditor."

The appellant recovered his judgment, which he insists has priority over the chattel mortgage of the appellee, George A. Woodford & Co., subsequent to the

execution and record of said mortgage. So the only question to decide is : What notice does a record give of the existence of a debt where the amount of the debt is not stated in the instrument recorded? In other words, was the appellant bound to know, although no amount was stated in the mortgage, that any sum was secured thereby?

The mortgage recites that it was given "to secure the payment of ten promissory notes, dated September 9, 1893." When these notes become due, and what amount they call for, separately or collectively, is nowhere stated and cannot be ascertained from either the mortgage or the record of it.

Had the record given an amount, which by mistake of the recorder in recording had been made less than it actually was in the mortgage, then under the decision in the case of *Gilchrist* v. *Gough*, 63 Ind. 576, a purchaser in good faith from the mortgagor would be bound only by the amount disclosed by the record.

The rule announced in that case has no application here. In this case the recital in the mortgage that it was given to secure the payment of ten promissory notes, the amounts of which were not given, was a sufficient notice to put all persons upon inquiry. No one could assume that because no amount was stated nothing was owing. Persons purchasing were put upon their guard, and if the record failed to state the amount owing, but disclosed that some amount was due, it was their duty to make inquiry and ascertain the amount of the indebtedness secured thereby.

Judgment affirmed.

Filed September 17, 1895.