## NATIONAL EXCHANGE BANK v. SMITH.

[No. 9,150.   Filed January 26, 1917.]

1. MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Foreclosure of Lien.*—*Findings.*—*Review.*—Where, in an action to foreclose the statutory lien securing a street improvement bond, defendant contended that plaintiff had at no time been in possession of the bond and that it was held by the paving contractor, defendant's predecessor in title, at the time he procured a conveyance of the lot involved in payment of the bond and assessment, a finding for defendant is a finding in his favor on the issue of possession of the bond; and, there being some evidence to support such finding, it is conclusive on appeal.   p. 578.

2. MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Foreclosure of Lien.*—*Evidence.*—*Sufficiency.*—In an action to foreclose the statutory lien securing a street improvement bond, the evidence is held sufficient to warrant a finding that neither the assignment of the bond nor a copy thereof was left at the office of the town clerk.   p. 578.

3. VENDOR AND PURCHASER.—*Street Improvements.*—*Proceedings.*—*Record.*—*Notice.*—The proceedings of municipal corporations in street improvements are required by law to be duly recorded and they are open to public inspection, and persons who acquire real estate encumbered by assessments evidenced by such records are bound by the constructive notice given thereby when duly kept; but only records which the law requires to be kept and which have actually been so kept as to impart notice to those who examine them are binding.   p. 580.

4. MUNICIPAL CORPORATIONS. — *Street Improvements.* — *Bonds.*—*Lien.*—*Merger.*—*Discharge of Lien.*—Where a paving contractor, after assigning street improvement bonds, falsely represented that he was still the owner thereof and thereby induced the owner of real estate assessed for the improvement to convey the real estate to him in consideration of the satisfaction of the improvement lien against the property, the lien was not merged in the contractor's title and it could be foreclosed against his grantee, since the lien of the total bond issue covered the property of all the owners who signed waivers and the lien of the assessment for which the bonds were issued is by statute (§4296 Burns 1901, Acts 1899 p. 237) declared to be equal upon the property assessed without priority of one of such bonds over any other, and to discharge an improvement lien against any particular tract or lot there must have been payment in full of the

assessment against it to the person lawfully entitled to receive the same. p. 582.

5. MUNICIPAL CORPORATIONS.—*Street Improvements.—Bonds.—Record.—Notice.*—Where bonds are payable to a person named or bearer, the record of the improvement proceeding is notice to all' that such obligation may rightfully be owned and in the possession of some person other than the one named without any assignment or record of transfer. p. 583.

6. MUNICIPAL CORPORATIONS.—*Street Improvements.—Bonds.—Notice.*—The law charges the owner of property assessed for a street improvement with the knowledge that a particular bond is not issued to cover the assessment of any one tract of realty affected by the improvement except as the amount of such assessment is a part of the aggregate sum for which the bonds are issued. p. 583.

7. VENDOR AND PURCHASER.—*Street Improvements.—Record of Proceedings.—Notice.*—Where it appeared in an action to foreclose the statutory lien securing a street improvement bond, that the record kept by the municipal corporation showed the proceedings for the improvement of the street, the making of the assessment, the waiver filed by the owner of the realty involved in the action, the issuance of the bonds payable to the contractor or bearer, and that as to the lot in suit such assessment was unsatisfied, a purchaser of the lot is charged with constructive notice of such facts, and with such other facts as an ordinarily diligent search would have disclosed, since the facts shown by the record are sufficient to put him on inquiry. p. 584.

8. MUNICIPAL CORPORATIONS.—*Street Improvements.—Conveyance of Land Assessed.—Deed.—Notice.*—Where a paving contractor after assigning a street improvement bond, falsely represented that he was still the owner thereof and thereby procured the owner of land assessed for the improvement to convey the same to him in consideration of the satisfaction of the lien against the property, the record of such deed did not give the holder of the bond notice of any fact that would defeat its right to foreclose the lien of the assessment if it was otherwise entitled to do so. p. 585.

9. LIMITATION OF ACTIONS.—*Bonds Payable in Installments.—Action to Foreclose Lien.—Computation of Period of Limitation.*—An action brought on October 16, 1913, to foreclose the statutory lien securing a street improvement bond issued in May, 1902, with the last installment to run ten years from date before maturity, is not barred by the five, six, or ten-year statute of limitations. p. 585.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by the National Exchange Bank against Robert C. Smith and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Kittinger & Diven* and *Condo & Browne,* for appellant.
*Charles T. Parker,* for appellees.

FELT, C. J.—This suit was brought by appellant to foreclose the statutory lien securing a street improvement bond. The court found for the defendants on the complaint, and for appellee, Robert C. Smith, upon his cross-complaint to quiet his title to the real estate on which appellant sought to foreclose the improvement lien. Appellant's motion for a new trial was overruled and judgment rendered in accordance with the finding of the court.

The error assigned is the overruling of appellant's motion for a new trial, which was asked on the grounds: (1) that the decision of the court is not sustained by sufficient evidence; (2) that the decision is contrary to law.

The pleadings were numerous and lengthy and need not be set out in detail to determine the questions presented by the appeal. The complaint sets out at length the proceedings of the board of trustees of the town of Fairmount, Grant county, Indiana, for the improvement of Main street, and alleges that the property in question abutted on that street and was then owned by Sarah A. Gauntt; that the street was duly improved and the owner aforesaid filed her waiver under the statute and bonds were duly issued, including No. 47, for $500, the bond involved in this suit; that the bonds were made payable to the contractor, Patrick T. O'Brien, or bearer; that the plaintiff is the owner thereof and the same is due and unpaid; that said real estate has been duly conveyed and is now owned by Robert C. Smith.

The complaint was answered by general denial and by several paragraphs of affirmative answer and by pleas of the statutes of limitations. Robert C. Smith filed a cross-complaint to quiet his title to the real estate and it was

answered by general denial and by special answers counting on substantially the same facts that are alleged in appellant's complaint.

It appears that O'Brien, the contractor, made an assignment of his contract and moneys due him for improvement of the street to appellant, as collateral security, for money loaned to him to be used in paying for labor and material in making said improvement, and that upon the issuance of the bonds he turned them over to the bank, unless it be bond No. 47 involved in this suit.

It is contended by appellee that O'Brien, the contractor, on November 10, 1902, was the holder and owner of bond No. 47 aforesaid, and that on that date Sarah A. Gauntt, the then owner of the real estate in question, paid to him the full amount of the assessment against said real estate, by conveying the same to him by warranty deed in which her husband joined, in consideration of the satisfaction of the lien against the property and the payment to her by him of $27.50; that O'Brien accepted the conveyance in full payment and satisfaction of the assessment and lien on the real estate, and the deed was duly recorded; that the owner made the conveyance in good faith, without any actual knowledge of any claim to or upon the property by appellant.

Many of the facts were undisputed and upon the trial the parties made an agreement as to the facts, in substance, as follows: That the averments of the complaint are true unless the assessment was paid as alleged in the several paragraphs of answer, but the parties do not agree as to who owned bond No. 47; that the contractor, Patrick O'Brien, represented to Sarah A. Gauntt, the owner of the lot, that he was the holder and owner of said bond and assessment on her lot, and in reliance on such representation, and without any knowledge to the contrary, Sarah A. Gauntt and her husband executed to O'Brien, in payment of said bond and

assessment, a deed for said lot; that appellee, Robert C. Smith, purchased the real estate with knowledge of the aforesaid facts and with no information to the contrary, except such as was shown by the records of the town clerk of Fairmount; that appellant had no knowledge of such transactions other than that available from the records of the town and the office of the county recorder of Grant county, Indiana.

The evidence shows that all the bonds issued for the improvement of said street were paid before the institution of this suit, unless it be the one in dispute; that in 1905, on verified representations of O'Brien and an officer of appellant, bond No. 47 was lost; the town board issued a duplicate of that bond, which is the one offered in evidence in this case.

There is evidence tending to show that all the bonds issued, including No. 47, were turned over to the bank when issued, but there is also evidence tending to show that the bank did not at any time obtain possession of the original bond No. 47; that it was held by O'Brien at the time he procured the conveyance of the lot from Mrs. Gauntt in payment and satisfaction of the bond and the assessment, but the evidence does not disclose what, if anything, was done with the bond at that time. The trial court made a general

1. finding for appellee, which is a finding in his favor on the issuable fact of the possession of bond No. 47. There being some evidence to support such finding it is conclusive in this court.

It is also contended on behalf of appellant that appellee and his predecessors in title were bound by the notice of the record of the town board and were thereby in-

2. formed of appellant's ownership of the bonds and assessment in favor of the contractor, O'Brien.

It was shown by the town clerk that he had made a search of the office and examined the records from 1901 to 1905 and found no notice or assignment relating to O'Brien's assign-

ment to appellant. There was other testimony to show that a notice of such assignment had been left in the office of the town clerk in January, 1902; and it was shown that on April 26, 1909, Jacob Briles, town clerk, had furnished an officer of appellant with a copy of a notice, which copy was admitted in evidence and is in substance as follows:

"To the Board of Trustees, Clerk & Treasurer of the Town of Fairmount:

"Patrick T. O'Brien has assigned and transferred to the undersigned all money due and coming to him from said town in payment for improvements, (which were duly identified) and all payments therefor are due the undersigned as evidenced by the written assignment of said O'Brien executed and delivered to said bank, March 4, 1901. The notice was dated January 23, 1902, and was signed by

"The National Exchange Bank of Anderson, Indiana by John L. Forkner, Cashier."

There was no evidence that the same was filed as a paper in the proceedings, but on the contrary the evidence of the clerk shows that no notice or assignment was ever filed or made a part of the record or papers in the proceedings for the improvement of the street and the issuance of the bonds in controversy. We find no evidence that indicates that the written assignment of O'Brien to appellant, or a copy thereof was ever left at the office of the clerk or town board. But if, as appellant contends, there is evidence tending to prove such fact, it is by no means conclusive and the finding of the court to the contrary is supported by sufficient evidence and is binding on this court. Indeed the undisputed evidence seems to show that no such instrument was ever filed as a paper in the proceedings, or in any way made a matter of record, in such a way as to be notice to a purchaser of the real estate at the time of the several conveyances of the lot subsequent to the making of the assessment. It therefore appears that the court was warranted in finding that neither the assignment nor a copy thereof was left at the office of the town clerk. The proceedings

of municipal corporations in street improvements are required by law to be duly recorded and they are public records open to inspection. Persons who acquire real estate encumbered by assessments evidenced by such records are bound by the constructive notice given by such records when duly kept. But it is only records which the law requires to be kept and which in fact have been so kept as to impart notice to those who examine them that are binding. Whatever constructive notice is imparted by such records must be given effect, even though, in particular instances, hardships result therefrom. §3324 R. S. 1881; §4346 Burns 1901, Acts 1901 p. 57; §9001 Burns 1914; Acts 1907 p. 52; *Byer* v. *Town of Newcastle* (1890), 124 Ind. 86, 88, 24 N. E. 578; *State, ex rel.* v. *Curry* (1893), 134 Ind. 133, 137, 33 N. E. 685; 21 Am. and Eng. Ency. Law (2d ed.) 8.

But accepting the findings of the court as to the possession of the bond, the notice of the assignment and the assignment itself, as above indicated, we must still determine the legal effect of the undisputed portions of the record of the town board in this case. Appellant contends that the record of the proceedings for the improvement of the street, the report of the assessments, the waiver of appellee's predecessor in title, the issuance of the bonds and the absence of a record showing payment or satisfaction of the assessment, affords sufficient constructive notice to appellees to be binding upon them and to warrant the foreclosure of the lien upon the real estate in controversy.

The proceedings for the improvement of the street were under the act of 1889, being §4288 *et seq.* Burns 1901, Acts 1889 p. 237. Section 4294 Burns 1901, Acts 1899 p. 63, provides, among other things, for a lien upon all property assessed for the improvement, and that if the owner of any lot so assessed shall "promise and agree, in writing, to be filed with the clerk of such city or town and to be spread of record by him in consideration of the right to pay his

or their assessment * * * in installments, that he will not make any objections * * * and will pay the same * * * he shall have the benefit of paying said assessment in ten annual installments.'' Also that the proceeds from such assessments shall constitute a special fund for the payment of the costs of such street improvement ''and the bonds and certificate hereinafter mentioned.''

Section 4296 Burns 1901, *supra,* provides for the issuance of bonds to cover the assessments for which waivers have been filed as above indicated and that ''all such bonds shall be an equal lien upon the property so assessed without priority of one over another.'' Also that the bonds shall bear the name of the street for the improvement of which they are issued ''and shall be payable, in equal installments, out of the special fund * * * in one, two, three, four, five, six, seven, eight, nine, and ten years from date * * * and such bonds, when issued, shall transfer to the owner thereof all the right and interest of such city or incorporated town in and to such assessments and the liens thereby created, with full power to enforce the collection thereof by foreclosure or otherwise.'' It is also provided by §4294 of the statute, *supra,* that when payment is made upon any such assessment it is the ''duty of the treasurer, contractor, or owner of the assessments or bonds or certificates or installments of assessments, receiving such payment to enter upon the proper record the receipt of such money, and such receipt shall be a discharge of the lien of such assessment and that upon the payment of any bonds or certificates'' so issued under the provisions of the statute the same ''shall be surrendered to and cancelled by, the treasurer'' of the municipality which issued such bonds. The same section provides also that the assessments for which bonds have been issued shall be collected in the same way taxes are collected, or in such way as the common council or board of trustees may provide by ordinance. Where bonds have been issued they may be and frequently are in the hands of different

persons. By authority of the statute or of an ordinance passed as therein provided, assessments are usually and properly paid to the treasurer from whom the bondholder receives payment on surrender of the bond held by him.

The question of merger of the lien in the title of O'Brien is urged to support the judgment. It appears without dispute that bond No. 47 was the last of the series and 4. that all other bonds issued had been paid and satisfied. If it also appeared that O'Brien, when he obtained the deed from Mrs. Gauntt, was the actual owner of bond No. 47, had the same in his possession, and agreed to receipt the record and surrender the bond for cancellation as required by the statute, all the other assessments being satisfied and the other bonds paid, it would be reasonable to contend that the lien on the lot in suit was merged in the title acquired by O'Brien, and that appellant could not now foreclose the lien against the owners of the real estate who acquired title from Mrs. Gauntt. *Swatts* v. *Bowen* (1895), 141 Ind. 322, 325, 40 N. E. 1057; *Chase* v. *Van Meter* (1895), 140 Ind. 321, 333, 39 N. E. 455; *Coburn* v. *Stephens* (1894), 137 Ind. 683, 687, 36 N. E. 132, 45 Am. St. 218; *Artz* v. *Yeager* (1902), 30 Ind. App. 677, 681, 66 N. E. 917; *Lagrange* v. *Greer-Wilkinson Lumber Co.* (1915), 59 Ind. App. 488, 108 N. E. 373. But it appears from the record that O'Brien was not in fact the owner of either the assessment or the bond in suit, and that Mrs. Gauntt relied solely upon his representations as to the ownership of the assessment and bond, and that his representations were untrue.

The lien for the total bond issue covered the property of all the owners who signed waivers, and the lien of the assessments for which such bonds were issued is by the statute declared equal upon the property assessed without priority of one of such bonds over any other of such issue. To discharge such lien against any particular tract or lot there must be payment in full of the assessment against the same to the party lawfully entitled to receive the same as pro-

vided in §4294, *supra.* Where bonds are payable to a named person or bearer, the record is notice to every one that such obligation may rightfully be owned and in the possession of some person other than the one so named without any assignment or record of transfer. *Melton* v. *Gibson* (1884), 97 Ind. 158, 160; *Paulman* v. *Claycomb* (1881), 75 Ind. 64, 67.

It is not shown that O'Brien delivered the original of the bond in suit to Mrs. Gauntt, when he obtained the deed for the lot, or that it was then or at any time surrendered to the treasurer of the town board, or what in fact became of the bond at or prior to the time of that transaction, though long afterwards there was a showing made that the bond was lost. There is evidence tending to show that O'Brien assigned the entire assessment roll and his right to, and ownership of, any bonds issued upon such assessment to the bank on March 11, 1901, and that the bank served a notice on the town board on January 23, 1902, showing that such assignment had been executed. The undisputed record shows that the assessments were approved in March, 1902; that the bonds were ordered issued in April, and were issued in May, 1902. The deed to O'Brien was not executed until November 10, 1902, and was recorded the next day. It shows a consideration of $27.50 and recites that the grantors guaranteed that they had placed no encumbrance on the lot and that there was none on the same except taxes.

The particular bond in controversy bore the same relation to the real estate involved in this suit that it bore to all the other real estate against which assessments had been levied and which assessments were the basis of the bond issue of which the one in controversy happened to be the last of the series. The aggregate amount of the issue was $5,904.95 and bond No. 47 was for $500. The assessment against appellee's property amounted to $350.28. The law compelled Mrs. Gauntt and appellees to know that the particular bond was not issued to cover the assess-

ment on the real estate conveyed except as the amount of such assessment was a part of the aggregate sum for which the bonds were issued.

The owner of any lot or tract could free the same from the lien of the assessment by paying the full amount of the assessment against the same with interest. The property of appellees was not bound primarily for the payment of this particular bond and the basis of the suit was the unsatisfied assessment. The bond was only incidentally involved. It represented the outstanding unpaid portion of the assessments for which the series of bonds had been issued. The measure of liability was primarily the unsatisfied assessment against the lot in suit.

The record showed the proceedings for the improvement of the street, the making of the assessment, the waiver of Mrs. Gauntt, the issuance of the bonds payable to O'Brien 7. or bearer, and that as to the lot in suit such assessment was unsatisfied.

Appellees are charged with constructive notice of all the facts shown by such record. Those facts were sufficient to put appellees on inquiry and thereby they became chargeable with such facts as an ordinarily diligent search and investigation would have disclosed. *Hollenbeck* v. *Woodford* (1895), 13 Ind. App. 113, 41 N. E. 348; *Oglebay* v. *Todd* (1905), 166 Ind. 250, 255, 76 N. E. 238; *Reagan* v. *First Nat. Bank* (1901), 157 Ind. 623, 667, 61 N. E. 575, 62 N. E. 701; *Martin* v. *Cauble* (1880), 72 Ind. 67, 73, *Mettart* v. *Allen* (1894), 139 Ind. 645, 649, 39 N. E. 239. From this it follows that as against appellant appellees hold the lot in controversy subject to the lien of the unsatisfied assessment thereon.

However plausible it may have seemed, Mrs. Gauntt was not in law justified in accepting the statements of O'Brien in the face of the records aforesaid. She and her successors in title were informed by such record of the unsatisfied assessment and that the bonds payable to bearer were en-

forcible against the property to the extent of the assessment against the same by the bona fide owner of such assessment and the rightful holder of any unpaid bond. Appellant's assignment of the assessment preceded the issuance of the bonds and the execution of the deed to O'Brien. The record of the deed did not give to appellant notice

8. of any fact that would defeat its right to foreclose the lien of the assessment if it was otherwise entitled so to do.

This suit was begun on October 16, 1913, and the bonds were issued in May, 1902, with the last installment to run ten years from date before maturity. There is no

9. provision in the statutes applicable to this case by which all the installments become due on default in payment of any one or more of such installments. Appellees have pleaded the five, six and ten-year statute of limitations as a complete defense to the whole cause of action. The dates above given show that neither of such statutes is a bar to the cause of action stated in the complaint.

For reasons already announced the decision of the court is not sustained by sufficient evidence and is also contrary to law. The motion for a new trial should therefore have been sustained. The judgment is reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion. Judgment reversed.

Ibach, P. J., Dausman, Caldwell, Batman and Hottel, JJ., concur.

NOTE.—Reported in 114 N. E. 881. Effectiveness as notice of recorded instruments not entitled to record, Ann. Cas. 1913B 1070. See under (9) 25 Cyc 1107.