STORER *v.* WARREN, ADMINISTRATRIX ET AL.

[No. 14,736.   Filed October 18, 1934.   Rehearing denied
January 26, 1935.]

*White & Haymond,* for appellant.

*McClellan & Hensel,* and *Mann & Lesh,* for appellees.

SMITH, P. J.—This is an action by appellee to fore-
close a mortgage on real estate.

The complaint is in one paragraph to which there
was an answer in general denial by all the parties, and,
in addition, an answer of appellant in five paragraphs
and a reply thereto by the appellee, Warren, admin-
istratrix, to the second, third, fourth, and fifth para-
graphs thereof.   Appellant also filed a cross-complaint
in four paragraphs to which an answer was filed by

all appellees in general denial, and in addition the appellees Hanna and Hanna filed two paragraphs of affirmative answer.

A brief summary of the facts is as follows: On October 11, 1926, one Charles A. Davis, being the owner of certain real estate in the city of Muncie, Indiana, secured a loan for $1,600 from The First Rural Loan and Savings Company, and later, January 7, 1927, secured an additional loan of $200, and gave a second mortgage thereon; that, on November 8, 1927, said Davis sold the real estate to Edward E. and Bessie Hanna, who assumed the two mortgages above described and executed to said Davis a note for $500, and a third mortgage on said real estate securing the same, which mortgage is the one in suit; on July 20, 1928, appellees Hanna and Hanna sold the real estate to one Luther Boxell, who on the same day executed a note and fourth mortgage on said real estate securing the same to Estella Parr for $500; later, on July 26, 1928, said Estella Parr sold said mortgage to appellant, who was the sole owner of a private bank, called the Muncie Banking Company, and assigned the mortgage to appellant; later, about November 3, 1928, appellee Boxell entered into a contract of sale with one John Parmer for said real estate, and, on July 22, 1929, appellee Boxell executed a warranty deed for said real estate to appellant Storer, who assumed and paid the first and second mortgages to The First Rural Loan and Savings Company, which were released of record; thereafter, on August 9, 1929, the appellant Storer entered into a new contract of purchase with the said John Parmer for said real estate; sometime during these transactions, the said Davis departed this life intestate, and one Mary E. Warren was appointed administratrix, and brought this action for foreclosure, and is an appellee herein.

The substance of the affirmative paragraphs of answer and cross-complaints of appellant is that he seeks to have the mortgages to The First Rural Loan and Savings Company, which were paid by him, held to be alive and for his benefit; and that he be subrogated to the rights of The First Rural Loan and Savings Company, and have same foreclosed as a prior lien to that of appellee Warren.

As said by appellant, "The only controverted issue presented by the pleadings is whether or not appellant, when he paid the first and second mortgages on the real estate to The First Rural Loan and Savings Company, paid them under such circumstances as in equity entitled him to have said mortgages held alive and foreclosed as against the third mortgagee represented by appellee, Mary D. Warren, Administratrix."

The cause was submitted to the court for trial without the intervention of a jury, and a general finding made for appellees, and an order entered for foreclosure of the mortgage set forth in the complaint.

Judgment was rendered accordingly, and thereafter appellant seasonably filed his motion for new trial, containing the following grounds therefor:

"1. The decision of the Court is contrary to law.
"2. The finding of the Court is contrary to law.
"3. The decision of the Court is not fairly supported by the evidence."

It will be observed that appellant seeks to challenge the sufficiency of the evidence to sustain the decision of the court, and also alleges that the decision is contrary to law.

It is apparent that the third ground for a new trial is not properly assigned, and raises no question upon the sufficiency of the evidence. *Adolph Kempner Company* v. *Citizens Bank of Akron* (1917), 64 Ind. App. 632, 116 N. E. 440.

In the above case one of the grounds for new trial set forth in the motion was, "The decision and finding of the court is not fairly supported by the evidence." This court, in speaking of such an assignment, said that the same was not recognized by the code as a ground for a new trial, and cites the case of *Lynch* v. *Milwaukee Harvester Company et al.* (1903), 159 Ind. 675, 65 N. E. 1025.

This leaves grounds 1 and 2 in the motion for new trial for consideration, both of which raise the same question, that the decision of the court is contrary to law.

Appellant says in his brief, "It is the contention of appellant that under the evidence in the case the decision of the Court below is contrary to law." The only reason urged by appellant why the decision of the court is contrary to law is that the decision is not sustained by sufficient evidence, and that question not being properly before the court, we cannot say that the decision of the court is contrary to law, and for this reason the judgment of the lower court must be affirmed.

However, we have taken occasion to examine the merits of this appeal, notwithstanding the fact that no question is properly presented. Under the evidence, as shown by the record, and the law of this state, appellant is not entitled to be subrogated to the rights of The First Rural Loan and Savings Company in the two mortgages which appellant paid and which were cancelled and released of record.

Without entering into a discussion of the question, suffice it to say that the doctrine of subrogation cannot apply in the instant case, for the evidence shows that the appellant purchased this real estate in question subject to the two mortgages to which he desires to apply the rule of subrogation,

and that he assumed and paid the same, and agreed to pay them as a part of the consideration for the real estate, and became primarily obligated to pay and discharge them. Under such circumstances, the lien created by these mortgages was thereby extinguished. *Lagrange et al.* v. *Greer-Wilkinson Lumber Company* (1915), 59 Ind. App. 488, 493, 108 N. E. 373; *Shirk, Executor* v. *Whitten et al.* (1892), 131 Ind. 455, 31 N. E. 87.

What we have said upon the merits of this case is because this court desires to pass upon the merits of all appeals where the question is properly presented; but in this case, since the only error assigned is the overruling of the motion for a new trial, and the only ground properly set forth in said motion is that the decision of the court is contrary to law, and, since this ground is based only upon the sufficiency of the evidence which is not properly presented, no legal reason is shown why the decision of the court is contrary to law. *Robbins* v. *Spencer et al.* (1895), 140 Ind. 483, 487, 38 N. E. 522, 40 N. E. 263.

Finding no reversible error, the judgment of the lower court is affirmed.

Kime, J., concurs in result.