A. V. B. BAILEY, *et vir*, v. CHARLES AVERILL, *et ux.*, THE
D. & W. CONST. CO., INC., and SOL H. ADLER, *et ux.*

182 So. 848.
Division A.
Opinion Filed July 27, 1938.

*Robert J. Davis,* for Appellant;
*C. H. Laudefeld, Jr.,* for Appellees.

BUFORD, J.—The appeal is from an order striking paragraphs 2, 3 and 8 of a first amended bill of complaint.

The allegations of the first amended bill of complaint acquired a tax deed based on' a delinquent tax sale certificate issued by the City of Hollywood on sale for delinquent taxes assessed by the City of Hollywood for the year 1926, which tax deed was issued May 16, 1930. That at the date of procuring the municipal tax deed she redeemed the lands from other municipal tax delinquent tax liens; that on the 27th day of January, 1931, Sol H. Adler had issued to him by the Clerk of the Circuit Court of Broward County, Florida, a tax deed conveying the lands in controversy based on a State and County tax sale certificate for delinquent State and County taxes for the years 1926 and 1927. That complainant elects to consider her tax deed as a lien and to have the Adler deed adjudicated to be the evidence of a lien and she seeks to foreclose her so alleged lien and to have the Adler alleged lien adjudged foreclosed, the priorities of liens adjudicated and the lands sold to satisfy all alleged liens.

There was no reversible error in the granting of the motion to strike. It should have been considered as a motion to dismiss and, as such, should have been granted.

The provisions of Chapter 14572, Acts of 1929, authorizing the foreclosure of tax deeds as liens applied only to tax deeds issued upon State and County tax sale certificates. There is not now, nor has there ever been, any express specific statutory authority for the foreclosure of a tax deed issued upon municipal tax sale certificates. When such deeds are issued they create a new and independent title in the grantee, subject to the lien evidenced by any other municipal or State and County legal tax assessments.

There has never been in Florida any authority for one other than the holder of a tax deed (issued on certificates

of sale for delinquent State and County taxes) to make the election to consider such deed an evidence of lien instead of a muniment of title.

It, therefore, follows that if there had been authority for complainant to elect to consider her tax deed a lien and foreclose the same she would be precluded from having the tax deed issued to Adler adjudicated to be the evidence of a lien only.

The order appealed is affirmed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.