Henrietta Horn, a single woman, *et al.*, v. City of Miami Beach

194 So. 620
Division B
Opinion Filed March 1, 1940
Rehearing Denied March 29, 1940

*Albert B. Bernstein* and *Nicholas Hodson,* for Appellants;

*Loftin, Calkins, Anderson & Scott, James E. Calkins* and *N. J. Rosenstein,* for Appellee.

CHAPMAN, J.—This appeal presents for review on the part of this Court an order granting a motion to strike an answer and a counter claim filed by defendant below in the form of an adverse claim or defense to an amended bill of complaint involving Lots 1, 3 and 4 of White and Woodward's Resubdivision of Lots 5 and 6 of Block 103 of Ocean Beach Addition Number 3, according to the plat thereof duly recorded in the office of the Clerk of the Circuit Court of Dade County, Florida. While Lot 2 of the above Resubdivision is involved in the order appealed from, the ruling not being adverse to the defendant below thereto, it is not argued as error in this Court.

The record discloses that an amended bill of complaint was filed in which it was alleged that the City of Miami Beach acquired title to Lots 1, 2, 3 and 4, *supra,* at a Master's sale held on March 4, 1935, in a suit wherein Wesley E. Garrison, Inc., was plaintiff and brought to foreclose Municipal tax deeds issued by the City of Miami Beach on Lots 1, 3 and 4 and a tax certificate issued by said city on a tax certificate embracing Lot 2; that the Master's deed was dated May 28, 1935, and recorded May 31, 1935; and that Wesley E. Garrison, Inc., is the *alter ego* of Wesley E. Garrison. It is alleged that Wesley E. Garrison and Henrietta Horn conspired to foreclose municipal tax deeds and tax certificates and permit them to be sold to a third party and to retain control of the Master's sale and to deprive the purchaser at said Master's sale of any notice of outstanding tax sale certificates on the land above described.

While the said suit to foreclose was pending and on October 10, 1934, pursuant to the alleged conspiracy scheme, Wesley E. Garrison, Inc., owned and was the holder of Certificates Nos. 8726, 8727, 8728, and 8729, dated July 7, 1930, for unpaid taxes for the year 1929, State and County taxes on the land described herein, and transferred and assigned the same to Henrietta Horn, and on March 4, 1935, the date of the Master's sale, she applied for a tax deed on said certificates, and on May 22, 1935, received a tax deed, while the Master's sale to the City of Miami Beach on the foreclosure was confirmed on April 22, 1935, and the City of Miami Beach was the owner of the property and was *not* informed and was without notice of the application of Henrietta Horn for a tax deed, and to prevent the City of Miami Beach from obtaining notice of the application for the tax deed was a step in the plan of conspiracy between Henrietta Horn, Wesley E. Garrison, Inc., and Wesley E. Garrison. Henrietta Horn, after obtaining a tax deed, conveyed an interest in the property to Linton Realty Corporation.

The prayer of the amended bill is for a decree removing the tax deed interest of Henrietta Horn as a cloud from the title acquired by the City of Miami Beach at the Master's sale and that same be cancelled of record, and the amount of money expended by Henrietta Horn for the tax deed was tendered in court.

The pertinent part of the answer and counter claim of the defendant challenged by the order of the lower court and assigned as error as constituting a defense to the amended bill, is viz.:

"That prior to September 13, 1934, Wesley E. Garrison, Inc., became the owner and holder of tax certificates Nos. 8726, 8727, 8728 and 8729, dated July 7, 1930, for unpaid 1929 state and county taxes on the property involved in this

cause, the assignments of said tax certificates to Wesley E. Garrison, Inc., being recorded on September 14, 1934; that subsequent thereto, to-wit: on September 22, 1934, the plaintiff acquired by assignment tax sale certificate No. 173, dated June 2, 1930, for unpaid 1929 City of Miami Beach taxes upon Lot 2 of the property described in said amended bill of complaint; that on September 22, 1934, Wesley E. Garrison, Inc., acquired the three City of Miami Beach tax deeds described in said amended bill of complaint and involved in said Chancery Case No. 39713-D that on or about October 10, 1934, before any tax foreclosure proceedings had been instituted on any tax certificates or on any tax deeds on the property involved in this cause, Wesley E. Garrison, Inc., assigned to the said Henrietta Horn said state and county tax sale certificates Nos. 8726, 8727, 8728 and 8729; that said state and county tax sale certificates were assigned to the said Henrietta Horn in the usual course of business and as a legitimate business transaction; that the said Henrietta Horn is employed by the office of Wesley E. Garrison as Cashier thereof, and the said Henrietta Horn is not the secretary of Wesley E. Garrison, or of Wesley E. Garrison, Inc., and is not a business associate of Wesley E. Garrison or of Wesley E. Garrison, Inc.; that the said Henrietta Horn has bought and sold various parcels of real estate, has some money of her own, and was in the habit of buying and selling real estate and buying and selling tax certificates as her own individual business unconnected with the business of Wesley E. Garrison or Wesley E. Garrison, Inc.; that the said Henrietta Horn acquired the aforementioned state and county tax sale certificate as a legitimate business transaction on her own behalf; that some time after said state and county tax certificates were assigned and transferred to the said Henrietta Horn, the said Wesley E. Garrison, Inc., in-

stituted tax foreclosure proceedings in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, under the style of Wesley E. Garrison, Inc., Plaintiff, v. John C. Gifford, *et al.,* Defendants, being Chancery Case No. 39713-D in said court, for the purpose of foreclosing the three City of Miami Beach tax deeds and said City of Miami Beach tax certificate No. 173, dated June 2, 1930; that at the time of the institution of said tax foreclosure proceedings the said Wesley E. Garrison, Inc., included in said tax foreclosure proceedings all tax deeds and tax sale certificates owned by it upon the property involved in said foreclosure proceedings, and upon every part thereof; that neither Wesley E. Garrison individually, nor Wesley E. Garrison, Inc., retained any interest in the state and county tax sale certificates assigned to Henrietta Horn, and that Henrietta Horn had no interest in said tax deeds and in said tax certificate involved in said tax foreclosure proceedings; * * *"

It will be observed that the Master's deed under which the City of Miami Beach claims title to the land here involved is based upon a foreclosure in the Circuit Court of Dade County, Florida, of the three deeds and a tax sale certificate issued by the City of Miami Beach, and it was erroneous, as contended to foreclose the three municipal tax deeds and for this reason the Master's deed is void. The case of Bailey v. Averill, 133 Fla. 621, 182 So. 848, is cited. It is contended that the provisions of Chapter 14572, Acts of 1929, Laws of Florida, do not authorize the foreclosure of municipal tax deeds. It is difficult for us to understand how such a question can be collaterally raised as is here suggested, unless the decree is a mere *brutum fulmen.* If a court of general jurisdiction has acted within the scope of its general powers, it will be presumed upon collateral attack that it had jurisdiction of the subject

matter of the action and of the parties thereto, unless the contrary appears of record. See Fiehe v. R. E. Householder Co., 98 Fla. 627, 125 So. 2; Seaboard All-Florida Ry. Co. v. Leavitt, 105 Fla. 600, 141 So. 886. It is true that where a decree is shown by the record to be absoluteley void because the court did not have jurisdiction of the subject matter or the parties, may be collaterally assailed. See Fisher v. Guidy, 106 Fla. 94, 142 So. 818. In the absence of a showing in a proper proceeding that the Circuit Court of Dade County did not have jurisdiction of the subject matter or the parties thereto of the suit upon which the Master's deed to the City of Miami Beach issued the said decree cannot be collaterally attacked, regardless of the utterances of this Court in Bailey v. Averill, *supra*. There is a legal presumption of the correctness of the ruling of the trial court.

The amended bill alleges that Wesley E. Garrison, Inc., on September 13, 1934, became the owner and holder of State tax certificates Nos. 8726, 8727, 8728 and 8729, and on September 22, 1934, acquired municipal tax deeds and Certificate No. 173 issued by the City of Miami Beach on the Lots 1, 2, 3 and 4, *supra*. The stricken answer admits that Wesley E. Garrison, Inc., on October 10, 1934, assigned State tax sale certificates Nos. 8726, 8727, 8728 and 8729 to Henrietta Horn and that *eight* days thereafter Wesley E. Garrison, Inc., filed suit to foreclose the tax deeds and tax certificates No. 173 issued by the City of Miami Beach. The record shows that Wesley E. Garrison, Inc., between September 22, 1934, and October 10, 1934, was the owner and holder of the municipal tax certificate and tax deeds and the State tax certificates above numbered.

It is contended that when the ownership of the State tax certificates and the municipal tax deed and municipal tax

certificate was vested in Wesley E. Garrison, Inc., from September 22, 1934, to October 10, 1934, a merger came into existence, with the fee simple title conveyed by the municipal deeds, and by operation of law the State tax certificate upon which the tax deeds subsequently issued were extinguished and ceased to exist at law.

Section 5 of Article IX of the Constitution of Florida authorizes the "several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, * * * and all property shall be taxed upon the principles established for State taxation. But the cities and incorporated towns shall make their own assessments for municipal purposes. * * *"

Section 894 C. G. L. provides: all taxes imposed pursuant to the Constitution and laws of Florida shall be a first lien superior to all other liens on any property against which taxes have been assessed and shall remain in force and effect until discharged by payment.

Section 954 C. G. L. makes it the duty of the Master in Chancery, from whom the City of Miami Beach acquired a Master's deed, from the proceeds of the sale thereof to pay or cause to be paid all taxes, State, county and municipal, which were due and unpaid against the property, and such sums as were necessary to redeem the same from liens of all back taxes for tax certificates outstanding against the property. See City of Sanford v. Dial, 104 Fla. 1, 142 So. 233.

The law is well established that taxes lawfully imposed on real estate create a lien thereon superior to all others and remains in full force and effect until discharged. See Clermont-Minneola Country Club v. Coupland, 106 Fla. 111, 143 So. 133, 84 A. L. R. 1354; Henderson v. Leatherman, 120 Fla. 496, 163 So. 310.

All liens for State, county and municipal ad valorem

taxes, including all valid tax sale certificates, are first liens upon property taxes, superior to all other liens acquired under state laws and are of equal dignity without priorities among them as to taxing units or as to years for which taxes were imposed. See Tax Securities Corporation v. Security Inv. Co., 115 Fla. 536, 155 So. 752.

We have considered the general authorities, viz.: Jensen v. Burton, 117 Calf. App. 66, 3 Pac. (2d) 324; LaGrange v. Greer-Wilkinson Lbr. Co., 59 Ind. App. 488, 108 N. E. 373; Bond v. Montgomery, 56 Ark. 563, 20 S. W. 525; 35 C. J. 73; cited by counsel for appellee on the question of merger and subrogation. We are in full accord with the principles enunciated in Paul v. Fries, 18 Fla. 573, and Quinn Plumbing Co. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690, 73 A, L. R. 600. We are unable to extend the law of merger or the doctrine of subrogation to State and county tax certificates here involved, because the statutes of Florida and the decisions of this Court have made the same liens superior to all others when validly assessed and remain as first liens until paid.

The failure of the Clerk to mail to the owner of the land notice of the application on the part of Henrietta Horn to obtain a tax deed to the property involved is material and important, in view of the serious allegations in the amended bill of conspiracy among the defendants to obtain the money through foreclosure of the municipal tax deeds and the tax certificate and at the same time retain the State and county tax certificates with which to obtain title to the property after receiving the proceeds arising from the foreclosure proceedings. We have here appearing on the record an allegation imputing bad faith, overreaching conduct, and conspiracy between the defendants to prevent the owner of the title to learn of the application for a tax deed although the legal duty was on the owner to investigate the record

and pay the outstanding tax certificates, and it is possible that extenuating circumstances exist for not so doing, which can be fully developed or established by the testimony.

We do not think it necessary to define or set out the functions of a motion to strike an answer, or a portion thereof, or to dismiss an answer as the merits of the controversy can be determined without so doing. It is fundamental that the defendants here should by appropriate answer be permitted to deny the material allegations of the amended bill, but the necessity for a counter claim has not been shown to exist.

The order appealed from is hereby affirmed without prejudice on the part of the appellants to file an answer or answers to the amended bill of complaint, so as to place in issue each material allegation of the amended bill of complaint.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justices TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.